**Stella MIRANDA, Individually and as next friend of Rafaela Renee Miranda and as Representative of the Estate of Erasmo Miranda, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 6875.**

Court of Civil Appeals of Texas, El Paso.

Nov. 21, 1979.

Rehearing Denied Dec. 19, 1979.

Plunkett, Gibson & Allen, Jerry A. Gibson, Mark R. Stein, San Antonio, for appellant.

Mark White, Atty. Gen. of Tex., John W. Fainter, Jr., First Asst. Atty. Gen., Ted L. Hartley, Executive Asst. Atty. Gen., Watson C. Arnold, Harold G. Kennedy, Asst. Attys. Gen., Austin, for appellee.

## OPINION

STEPHEN F. PRESLAR, Chief Judge.

This case presents the question of whether flood waters on a State highway are a special defect as that term is used in Sections 14(12) and 18(b) of Article 6252–19, Tex.Rev.Civ.Stat.Ann., commonly known as the Texas Tort Claims Act. The trial Court sustained the State's plea to the jurisdiction and dismissed the suit. We are of the opinion that the flood waters do constitute a special defect, and that the judgment must be reversed.

This suit arises out of the death of Erasmo Miranda, which occurred when he drove his car into some two-feet of flood waters, at a low water crossing on the Frio River, on Ranch Road 187 in predawn darkness. In addition to its general denial, the State filed a pleading entitled "Plea to the Jurisdiction and Plea in Abatement" alleging:

Plaintiffs have failed to allege a cause of action against State under the provisions of the Texas Tort Claims Act (Article 6252–19, V.C.S.), and as to State this suit

should be abated and no further action, discovery or otherwise had herein unless and until Plaintiffs allege such cause of action, and if the same be not alleged within a reasonable time the same should be dismissed for want of jurisdiction. The trial Court deferred ruling on this plea until the conclusion of the Plaintiff's evidence, at which time it granted the plea in abatement and entered its order dismissing the case.

Section 3 of Article 6252–19 makes the State liable for death or personal injury caused from "some condition or some use of tangible property, real or personal, . . . ." The Act contains exceptions to this general waiver of liability, one of which is found in Section 18(b) which provides:

As to premise defects, the unit of government shall owe to any claimant only the duty owed by private persons to a licensee on private property, unless payment has been made by the claimant for the use of the premises. Provided, however, that the limitation of duty contained in this subsection shall not apply to the duty to warn of special defects such as excavations or obstructions on highways, roads or streets, . . .

Under Section 18(b), then, premise liability cases are in effect divided into (1) special defect and (2) regular defect cases; that is, if the case involves a regular premise defect, the defendant is held to a lesser duty of care—the duty of a licensor as opposed to an ordinary negligence duty. An important difference, then, between regular and special defect cases is that in a regular defect case, when the licensor has actual knowledge of a dangerous condition and the licensee does not, a duty is owed on the part of the licensor to either warn the licensee or to make the condition reasonably safe. *Gonzalez v. Broussard*, 274 S.W.2d 737 (Tex.Civ. App.—San Antonio 1954, writ ref'd n. r. e.); *State v. Tennison*, 509 S.W.2d 560 (Tex. 1974). In the case of a "special" defect, the rule is different, and the State must warn of a special defect even if it only has constructive knowledge of it. *County of Harris v. Eaton*, 573 S.W.2d 177 (Tex.1978). In

the case before us, we hold that the Plaintiff's case is based on a "special" defect which imposed a burden on the State to warn of the defect if it had constructive knowledge of it.

In *Eaton*, a car flipped over when it struck a large hole in the pavement. Justice Pope concluded that the statute provisions of the Tort Claims Act provide an understanding of the kinds of dangerous conditions against which the legislature intended to protect the public; he set out Section 18(b) with its provision—that the limitations of duty contained in it shall not apply to the duty to warn of special defects such as "excavations or obstructions on highways, roads or streets . . ."; and he set forth Section 14(12) with its provision—that it shall not apply the duty to warn of special defects "such as excavations or roadway obstructions", and the opinion stated:

The statutes provide an understanding of the kinds of dangerous conditions against which the legislature intended to protect the public. They are expressed as such things 'as excavations or roadway obstructions.' Under the ejusdem generis rule, we are to construe 'special defect' to include those defects of the same kind of class as the ones expressly mentioned. [Citing authorities.] The two examples that are included in the statute are not exclusive and do not exhaust the class.

In the case before us, there is no need to resort to the rule of ejusdem generis for clearly the two-feet of water over the highway was an obstruction. Obstruction is defined as "[a] thing that obstructs or impedes; an obstacle, impediment, or hindrance, as in a street, river or design. Webster's New International Dictionary of the English Language (2d Ed.) (1961), at 888, 1682." *Eaton*, supra, dissent. The dissent in Eaton was concerned with the size of the pot hole defect—whether in fact it amounted to an excavation or obstruction. As noted, we do not have that problem here as we are concerned with the pleading and not proof, and the Plaintiff pled, in describing the obstruction, ". . . the vehicle he

was driving was swept from the roadway by the swift moving waters of the Frio River which had flooded and obstructed the roadway on which Erasmo Miranda was travelling." And further, "Erasmo Miranda's lifeless body was found approximately 16 miles downstream where the torrential floodwaters deposited him"; and they specifically pled that the flood waters were an "obstruction" and "special defect" within the meaning of the Act.

The Appellant's pleadings alleged, among other things, that agents of the State failed to exercise ordinary care:

1. In failing to place barricades sufficiently in advance of the crossing in question in order to give sufficient notice to the travelling public that a danger existed.

. . . . .

7. In failing to post warning signs sufficiently in advance of the crossing in question in order to give sufficient notice to the travelling public that a danger existed.

These pleadings are sufficient to invoke liability for failure to warn. They also pled knowledge of the special defect on the part of the State. We sustain Appellant's Point of Error No. 1, and, since it is determinative of the appeal, we do not discuss the other points of Appellant. We overrule the alternative cross-point of Appellee.

The judgment of the trial Court is reversed, and the cause is remanded for trial on the merits.