STATE DEPARTMENT OF HIGHWAYS
AND PUBLIC TRANSPORTATION,
Appellant,

v.

Betty Lou KITCHEN and Charles
Don Richards, Appellees.

No. 13–91–048–CV.

Court of Appeals of Texas,
Corpus Christi.

June 16, 1992.

Rehearing Overruled Nov. 19, 1992.

Richard D. Naylor, Cynthia L. Hooper, Richard Mason, Dan Morales, Atty. Gen., Will Pryor, First Asst. Atty. Gen., Mary F. Keller, Exec. Asst. Atty. Gen., Austin, for appellant.

Jay L. Winckler, Gibbens, Winckler, Bayler, Austin, Emmett Cole, Jr., Cole, McManus & Velasquez, Victoria, for appellee.

## OPINION

SEERDEN, Justice.

A jury found the State Department of Highways and Public Transportation liable for Calvin Kitchen's death and for Charles Richards's injuries. The men were involved in an auto accident which occurred when the appellees' truck encountered ice

on the highway, slid into oncoming traffic, and collided with another vehicle. The State raises seven points of error. We affirm.

Kitchen and Richards (hereinafter referred to as "Plaintiffs") claimed that an icy bridge and a closed warning sign were defects under the Texas Tort Claims Act, and they presented jury questions concerning negligent maintenance of the highway, and the State's failure to warn of or to make safe the dangerous conditions on the highway. The State complains that the jury questions were erroneously submitted and that no cause of action lies against the State on the plaintiffs' theories. This appeal requires us to determine the scope of sovereign immunity under the Texas Tort Claims Act. Tex.Civ.Prac. & Rem.Code Ann. § 101.001 *et seq.* (Vernon 1986).

Calvin Kitchen and Charles Richards worked for the same construction company. They commuted together to their job assignments during the week and lived in their respective homes in the country on weekends. During the first week of January, 1986, the two men had been unable to work due to inclement weather. Anticipating better conditions by Friday afternoon, they started towards their assignment in San Marcos early Friday morning. As they drove over a bridge outside Hochheim, their truck skidded out of control on a patch of ice and collided with another vehicle, killing Kitchen and seriously wounding Richards. Testimony showed that Kitchen was a safe driver and was thought to habitually heed traffic control signals.

A typical Highway Department sign was posted before the bridge. The sign could be folded shut in good weather, or opened to display a warning which said "Watch for Ice on Bridge." Flashing lights operated on the sign when it was opened. The sign was closed and displayed no warning when the accident occurred. Highway Department employees testified that the signs had been open the previous day, but they shut the signs because they did not anticipate further conditions conducive to ice formation. The next morning (the morning of the accident), the State dispatched crews to reopen the signs. Plaintiffs established that the previous evening's weather reports predicted precipitation and temperatures in the low thirties. The State's employees agreed that the signs should be opened under such conditions. The jury found negligence in the State's failure to warn or make safe; they attributed no negligence to Kitchen.

■ We first address appellant's second and third points of error. By these points, appellants complain generally that the existence of a special defect is a question of law for the court rather than a fact question for the jury.

Point of error two claims error by the trial court in submitting jury questions 1(D) and 1(E), because "the determination of the existence of a special defect is a question of law for the court and is not determined by the type of knowledge a defendant may have." Question 1 consisted of 14 parts numbered (A) through (N), each part inquiring of some factual condition of the roadway or sign in question or of the notice, knowledge, conduct, or lack of conduct of the appellant. The complained-of questions inquire (D) if the defendant had actual notice of the dangerous condition of the highway prior to the accident and (E) if the defendant should have known of such condition prior to the accident. The jury answered "no" and "yes" respectively to these questions.

Appellant concludes that asking these two questions and entering judgment based on these answers, before determining if the ice on the highway was a special defect, was reversible error because the trial court allowed the jury to determine a question of law. We disagree.

■ Appellees and appellant agreed throughout the trial and in these proceedings that whether a condition is a "premises" or "special" defect within the meaning of the Tort Claims Act is a question of law which the court must decide. We fail to find anything in either of the questions asked or the answers that constitutes a finding of the type of defect that existed. Appellant contends that the trial court is required to make a finding of the nature of

the defect prior to submitting the case to the jury. We find no such requirement in the statute or in any of the case law. In fact, there does not appear to be a requirement that the trial judge ever make a "declaration" of the type of defect existing.

The judgment of the court simply states that "It appearing to the Court that the verdict of the jury was for the Plaintiffs ..., Judgment should be rendered upon the verdict for the Plaintiffs...." Error is harmless if jury findings are sufficient to support the judgment and the correct law is applied.

The real question in this case is not whether the trial judge declared that the condition of the highway was a special defect, but whether, in law, the condition was a "premises" or a "special" defect. If the latter, the judgment should be affirmed.

We hold that the condition of the roadway on the occasion in question constituted a special defect within the meaning of § 101.022 of the Texas Tort Claims Act. Tex.Civ.Prac. & Rem.Code Ann. § 101.022 (Vernon 1986). While the statute expressly mentions "excavations or roadway obstruction" these two examples are not exclusive and do not exhaust the class. *County of Harris v. Eaton*, 573 S.W.2d 177, 179 (Tex. 1978). The most recent pronouncement of the Texas Supreme Court on this subject gives us guidance. *State Dep't. of Highways and Pub. Transp. v. Payne*, 34 S.Ct.J. 793, 1991 WL 175208 (Sept. 11, 1991) (motion for rehearing pending). The Court in *Payne* observed, "The examples set forth in the statute itself all present an unexpected and unusual danger to ordinary users of roadways." *Id.* at 795. In the footnote following this statement, the court points out a number of cases where special defects have been recognized even though they do not occur on the surface of the road. The Court points out that the common thread in these cases is whether the condition poses a threat to the ordinary users of a particular roadway.

The conditions in this case appear much stronger than slick, muddy conditions or the water on the road as mentioned in *State v. McBride*, 601 S.W.2d 552 (Tex.Civ. App.—Waco 1980, writ ref'd n.r.e.) and *Miranda v. State*, 591 S.W.2d 568 (Tex.Civ. App.—El Paso 1979, no writ). Here the State had, in effect, acknowledged that ice on the road was a dangerous condition and posed a threat to ordinary users of the road by installing a sign and warning light, both to be activated when there was expectation of the forming of ice on the roadway. The failure to activate the sign under appropriate circumstances, when users of the highway knew of its presence and function, further aggravated the condition. The fact that the icy condition was not created by the government is not material. *Eaton*, 573 S.W.2d at 179. We hold that the trial judge presumably correctly found that the condition of the roadway on the occasion in question constituted a "special" defect and that the verdict was with the plaintiffs, as the court found, and that this was not error. Therefore, we overrule points of error two and three.

By its first point of error, appellant complains of irreconcilable and fatal conflict between the answers to Jury Questions 1(F) and 1(H) and the answer to Jury Question 1(L). With regard to 1(F) and 1(H), the jury answered affirmatively that appellant was negligent in failing to make safe the dangerous condition of the road (i.e., ice on the bridge), and in failing to warn of the condition. However, by 1(L) the jury did not find that the appellant failed to correct the condition of the warning sign within a reasonable time after actual notice. In reviewing the jury findings for conflict, the threshold question is whether the findings are about the same material fact. A court may not strike down jury answers on the ground of conflict if there is any reasonable basis upon which they can be reconciled. *Bender v. Southern Pacific Transportation Co.*, 600 S.W.2d 257, 260 (Tex.1980); *Little Rock Manufacturing Co. v. Dunn*, 148 Tex. 197, 222 S.W.2d 985, 989 (1949).

Appellant argues that the jury's finding that it did not fail to correct the condition of the warning sign (i.e., open the sign so that the ice warning would be displayed) within a reasonable time after actual notice

of the dangerous condition conflicts with a finding that appellant negligently failed to warn of the dangerous condition. However, we find no conflict, since these answers are consistent with the appellant having constructive, as opposed to actual, knowledge of the dangerous condition, as found in Jury Questions 1(D) and 1(E). Assuming that appellant "should have known" of the dangerous condition and displayed the warning sign in question, it nevertheless may not have had "actual notice" of the condition within a reasonable time to correct the sign. Appellant's first point of error is overruled.

■ By its seventh point of error, appellant complains that the trial court's definition of proximate cause constituted a comment on the weight of the evidence, in violation of Tex.R.Civ.P. 277. Specifically appellant complains that the charge on proximate cause defines person to include "a natural person and The State Department of Highways and Public Transportation," and that this had the effect of singling out appellant by name as a comment on the weight of the evidence. We fail to see how this definition could be construed as a comment on the weight of the evidence. Merely defining "person" to include the appellant did not in any way suggest what this legal "person" is or is not liable for, but merely allowed the jury to place this particular party, The State Department of Highways and Public Transportation, within the appropriate framework of the questions and definitions properly before them. Appellant's seventh point of error is overruled.

Considering that we here affirm appellees' recovery based on the jury's findings regarding failure to warn of a special defect, the remaining points of error pertain to alternate theories of liability which are unnecessary to support appellees' present recovery. Therefore, the remaining points are not dispositive and we do not address them. *See* Tex.R.App.P. 90(a).

We AFFIRM the judgment of the trial court.

Dissenting Opinion by NYE, C.J., joined by KENNEDY and GERALD T. BISSETT [1] (Assigned), JJ.

NYE, Chief Justice, dissenting.

I respectfully dissent. The majority finds that ice on the highway is a special defect. In cases in which a special defect exists, the State owes the same duty owed to an invitee—the duty to warn or make safe conditions of which it has actual knowledge or which a reasonably careful inspection would have revealed. *County of Harris v. Eaton,* 573 S.W.2d 177, 179–180 (Tex.1978); TEX.CIV.PRAC. & REM.CODE ANN. § 101.022(b) (Vernon 1986); [1] *see Corbin v. Safeway Stores, Inc.,* 648 S.W.2d 292, 295 (Tex.1983). Thus, the State must warn of, or make safe, special defects of which it has only constructive knowledge. *Eaton,* 573 S.W.2d at 179–180; *Prairie View A & M Univ. v. Thomas,* 684 S.W.2d 169, 171 (Tex.App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.); *Miranda v. State,* 591 S.W.2d 568, 570 (Tex.Civ.App.—El Paso 1979, no writ.). However, this higher level of duty is imposed only for those defects that resemble excavations or obstructions on highways, roads, or streets. *State Dep't of Highways & Pub. Transp. v. Payne,* 34 Tex.Sup.Ct.J. 793, 794, 1991 WL 175208 (Sept. 11, 1991); TEX.CIV.PRAC. & REM.CODE ANN. § 101.022(b) (Vernon 1986). The question of whether a dangerous condition constitutes a special defect is a question of law for the court. *Payne,* 34 Tex. Sup.Ct.J. at 794.

---

1. Assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to Tex. Gov't Code Ann. § 74.003 (Vernon 1988).

1. Section 101.022 reads as follows:
   (a) If a claim arises from a premise defect, the governmental unit owes to the claimant only the duty that a private person owes to a licensee on private property, unless the claimant pays for the use of the premises.

(b) The limitation of duty in this section does not apply to the duty to warn of special defects such as excavations or obstructions on highways, roads, or streets or to the duty to warn of the absence, condition, or malfunction of traffic signs, signals, or warning devices as is required by Section 101.060.

The statute lists excavations or obstructions as examples of special defects. The list is neither exclusive nor exhaustive. *Miranda,* 591 S.W.2d at 570. If, however, the Texas Legislature wanted the State of Texas to be liable for accidents caused by ice on the roads or bridges, it should have included this along with excavation or obstruction.

No Texas cases have held that ice on a road or bridge is a special defect. Cases the majority cites are clearly distinguishable.

In *Miranda,* a Court of Civil Appeals case, flood waters at a low highway crossing which rose to a height of *two feet* and blocked the highway were considered an obstruction due to their height, and hence, a special defect. *Miranda,* 591 S.W.2d at 570. Likewise, the Waco Court of Civil Appeals held that a resurfaced highway which became unusually slick and muddy from a combination of rain and incomplete road repairs was a special defect arising from an excavation. *State v. McBride,* 601 S.W.2d 552, 558 (Tex.Civ.App.—Waco 1980, writ ref'd n.r.e.). Here, the State made no repairs to the highway nor any excavations which would bring the icy condition of the road within the wording of § 101.022(b). While special defects need not be "specially created" by the governmental unit, the cases above reveal that the courts have found significant combinations of governmental activity (such as repairs and road work) and natural forces which obstruct or impede by their vertical height or depth.

By this reasoning, I would find that ice on the highway does not constitute a special defect as a matter of law.[2] Ice on a bridge is not an obstruction or an excavation. "To excavate" means to make a hole or cavity in, hollow out, scoop, dig, or cut a hollow in. *Eaton,* 573 S.W.2d at 181 (Steakley, J. dissenting). Clearly, the ice does not constitute an excavation because it is not a hole or a cavity. There is no evidence in the record to show that the road surface was uneven or "excavated" in any way. An obstruction has been defined as "a thing that obstructs or impedes; an obstacle, impediment, or hindrance." *Miranda,* 591 S.W.2d at 570. A special defect need not have been "specially created" by the governmental unit, but it must present an unexpected and unusual danger to ordinary users of roadways. *Payne,* 34 Tex. Sup.Ct.J. at 795; *Eaton,* 573 S.W.2d at 179. Ice on the road, caused by the inescapable laws of nature, cannot be said to be a special defect in the road.

While I am not insensitive to the tragedy the Plaintiffs suffered, I find that neither the law nor sound public policy can support the judgment. The approach taken by other states is to declare that ice on roadways is a regular premises defect. The State must ameliorate the condition within a reasonable amount of time after it has actual knowledge of ice on the roadway. This rule protects users of the highways without imposing an unreasonable, if not impossible, burden on the State. In this case, the trial court submitted an issue consistent with a regular premises defect theory. The jury's answer was adverse to the Plaintiffs. To hold that the ice is a special defect, as the majority does here, requires the State to warn or make safe conditions of which it has no actual knowledge.[3] To place such a burden on the State merely to preserve a jury verdict for the Plaintiffs is unsound, particularly where the question of actual knowledge was submitted but found adversely to the Plaintiffs.

### PLAINTIFFS' ALTERNATE THEORIES OF RECOVERY

The trial court's implied finding that the ice was a special defect was not harmless. No other theory of recovery urged by the Plaintiffs can properly sustain the judg-

**2.** Our Supreme Court's recent holding in *Brownsville Navigation Dist. v. Izaguirre,* 829 S.W.2d 159, 160 (Tex.1992) is helpful. The Court held as a matter of law that dirt that turned to mud after it rained did not constitute a dangerous condition for which the governmental entity would be liable.

**3.** In fact, on the issue of contributory negligence, the Plaintiffs argued that the State *should* have known that the ice was on the highway, even though the motorists themselves did not know.

ment. On every other theory, either the law or the jury's findings were against the Plaintiffs. The Plaintiffs pleaded that the State breached its duty to them under all the provisions of § 101.022 of the Texas Tort Claims Act. They argued that they were licensees under the statute or that they were invitees because they paid the state vehicle registration fees. Under § 101.022, the State owes a claimant only the duty that a private person owes a licensee on private property, unless the claimant pays for the use of the property. TEX.CIV. PRAC. & REM.CODE ANN. § 101.022.

Plaintiffs could not have obtained relief on the regular premises defect theory because the jury imputed no willful, wanton, or gross negligence to the State. *State v. Tennison,* 509 S.W.2d 560, 562 (Tex.1974). If the premises owner knows of a dangerous condition and the licensee does not, the owner has a duty to either warn the licensee or make the condition reasonably safe. *Payne,* 34 Tex.Sup.Ct.J. at 794; *Tennison,* 509 S.W.2d at 562. Plaintiffs could not have prevailed on the theory that the State owed them the duty to warn or make safe because the jury found that the State had no actual knowledge that the ice was on the road. *Payne,* at 796; *Tennison,* 509 S.W.2d at 562. Plaintiffs also claimed that the closed sign itself constituted a premises defect or a special defect. Because the jury found no causation on this theory, Plaintiffs could not have recovered under it.

The Plaintiffs alternatively pleaded that the State was negligent in maintaining the highway. They are precluded from recovering under this theory as well since the jury found against them on their regular premises defect theories and since they fail on their special defect theory as a matter of law. *Cf. Shives v. State,* 743 S.W.2d 714, 716–17 (Tex.App.—El Paso, 1987, writ denied); *Hamric v. Kansas City S. R.R. Co.,* 718 S.W.2d 916, 918–919 (Tex.App.— Beaumont 1986, writ ref'd n.r.e.).

Finally, Plaintiffs further argued that they paid their vehicle registration and licensing fees, and that this elevated them to invitee status on the public roads. The laws requiring State vehicle registration and licensing fees already existed at the time the Texas Tort Claims Act became effective. *See* TEX.REV.CIV.STAT.ANN. art. 6675a–1 *et seq.* (Vernon 1977 & Supp.1992). I would presume that the legislature knew that motorists who use the State highways pay fees to do so when it enacted subsections § 101.022(a) and (b) of the Tort Claims Act. Section 101.022 limits the State's liability in all premises liability cases except those where a special defect exists. If this Court were to consider all drivers who have paid the registration and licensing fees to use the public highways to be invitees, then subsection (b) is rendered null. The legislature intended a higher standard of care to obtain only in cases where special defects occur on a roadway. Since virtually all users of the public highways would be invitees under the Plaintiffs' reading of subsection (a), it would be impossible to impose a higher duty on the State under subsection (b). There is no merit to Plaintiffs' argument that they were owed the same duty owed to invitees by virtue of having paid the registration and license fee. The rendition of judgment on Plaintiffs' theory that they were invitees would not have been proper.

I suggest that there are many, many automobile accidents every year on Texas rural and metropolitan highways causing personal injuries and property damage where the State has no actual prior knowledge of any icy condition. To hold that the ice is a special defect for which the State of Texas must warn or make safe or be liable in money damages extends the exception to governmental immunity doctrine too far.

The legislature did not intend, nor are the taxpayers of this State ready, to assume such a financial responsibility imposed by the Majority's holding in this case.

The trial court's judgment should be reversed and judgment should be rendered for the State of Texas.