### TEXAS DEPARTMENT OF TRANSPORTATION, Appellant,

v.

### Jimmy Lynn HORROCKS and Beatriz Horrocks, Appellees.

### No. 05–91–01806–CV.

Court of Appeals of Texas, Dallas.

Aug. 19, 1992.

Rehearing Denied Oct. 26, 1992.

Edward A. Jeffords, Austin, for appellant.

Bruce A. Pauley, Rowlett, for appellees.

Before ENOCH, C.J., and DIAL[1] and WHITHAM[2], JJ.

## OPINION

ENOCH, Chief Justice.

The Texas Department of Transportation (the State) appeals from a jury verdict in favor of Jimmy Lynn Horrocks and his wife, Beatriz Horrocks, (the Horrocks) under the Texas Tort Claims Act. We reverse and render.

## FACTUAL BACKGROUND

On October 19, 1988, Jimmy Horrocks, a police officer, positioned his motorcycle off the roadway behind a guardrail on the median facing west on Interstate 20 in Grand Prairie, Texas, in order to detect speeders with a hand-held radar gun. At approximately 6:00 a.m., Horrocks detected a speeder traveling westbound on Interstate 20. As Horrocks came upon the shoulder to begin the pursuit, he struck an object which caused him to lose control of his motorcycle. The object was later determined to be a truck leaf spring, three inches wide and nine inches long, with a thickness of less than one quarter of an inch. As a result of the serious injuries received in the accident, Horrocks became physically disabled and is unable to perform any type of police work.

The Horrocks filed suit on October 16, 1990. They alleged that the State negligently (1) failed to properly maintain the roadway; (2) allowed a piece of metal to remain in the roadway; (3) failed to remove the metal object; (4) allowed a hazardous and unsafe condition to exist in the roadway; (5) failed to remove a hazardous and unsafe condition from the roadway; (6) failed to warn of the presence of the metal object in the roadway; (7) failed to warn of a hazardous and unsafe condition in the roadway; and (8) failed to maintain a safe roadway.

In response to eight questions presented in the court's charge, the jury found that a special defect existed, that the State knew or should have known of the special defect, that the State's negligence proximately caused the accident, but that the State's gross negligence did not proximately cause the accident. It also found that Horrocks had no actual or constructive knowledge of the dangerous condition and was not negligently operating his motorcycle. The jury awarded Jimmy Horrocks damages of $675,000 and Beatriz Horrocks $50,000 for loss of consortium and household services. Judgment was entered for Jimmy Horrocks in the statutory amount of $250,000 and for Beatriz Horrocks in the amount of $50,000. *See* TEX.CIV.PRAC. & REM.CODE ANN. § 101.-

---

1. The Honorable Preston H. Dial, Jr., Justice, Court of Appeals, Fourth District of Texas at San Antonio, Retired, sitting by assignment.

2. The Honorable Warren Whitham, Justice, Court of Appeals, Fifth District of Texas at Dallas, Retired, sitting by assignment.

023 (Vernon 1986) (limiting amount of liability to $250,000 per person).

## SPECIAL DEFECTS UNDER THE TEXAS TORT CLAIMS ACT

The State's third, fourth, and fifth points deal with the propriety of submitting jury questions and entering judgment based on a special defect theory. The third point contends that the trial court erred in submitting jury questions no. 1 and no. 2 because (1) the truck leaf spring was not a special defect as a matter of law; (2) the Horrocks' pleadings did not support its submission; and (3) "special defect" was defined incorrectly. The fourth point challenges the trial court's entry of the judgment on the basis that the leaf spring cannot be a special defect as a matter of law. In its fifth point, the State asserts that there is no evidence or, alternatively, that there is insufficient evidence to support the submission of jury questions no. 1 and no. 2 regarding the special defect.

■ The State enjoys sovereign immunity from suit and waives immunity only if liability arises under the Texas Tort Claims Act. TEX.CIV.PRAC. & REM.CODE ANN. § 101.-025 (Vernon 1986); *City of San Benito v. Cantu,* 831 S.W.2d 416, 420 (Tex.App.—Corpus Christi n.w.h.). A plaintiff has the burden of proving the existence and violation of a legal duty in order to impose liability under the Texas Tort Claims Act, and in the absence of this showing, the State's sovereign immunity remains intact. *City of Denton v. Van Page,* 701 S.W.2d 831, 834 (Tex.1986); *Cantu,* at 420.

■ The Texas Tort Claims Act provides that the State is liable for "personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law." TEX.CIV.PRAC. & REM.CODE ANN. § 101.021(1)(B) (Vernon 1986). The State's duty is limited as follows:

(a) If a claim arises from a premise defect, the governmental unit owes to the claimant only the duty that a private person owes to a licensee on private property, unless the claimant pays for the use of the premises.

(b) The limitation of duty in this section does not apply to the duty to warn of special defects such as excavations or obstructions on highways, roads, or streets or to the duty to warn of the absence, condition, or malfunction of traffic signs, signals, or warning devices as is required by Section 101.060.

TEX.CIV.PRAC. & REM.CODE ANN. § 101.022 (Vernon 1986). Whether a condition is a premise defect or special defect under the Texas Tort Claims Act is a matter of law for the court to decide. *State Dep't of Highways v. Payne,* 34 Tex.Sup.Ct.J. 793, 794 (September 11, 1991) (motion for reh'g pending); *Blankenship v. Galveston County,* 775 S.W.2d 439, 441 (Tex.App.—Houston [1st Dist.] 1989, no writ).

■ The presence of a special defect imposes upon the State the duty of an invitor to warn of or make reasonably safe dangerous conditions when it knows of them or could have discovered them with reasonable diligence. *See Payne,* 34 Tex. Sup.Ct.J. at 794; *State v. McBride,* 601 S.W.2d 552, 558 (Tex.Civ.App.—Waco 1980, writ ref'd n.r.e.); Rebecca Simmons & Paul Kruse, Comment, *Section 3 and Liability for the Condition or Use of Real Property Under the Texas Tort Claims Act,* 31 BAYLOR L.REV. 517, 522–23 (1979).[3] Most property defects are premise defects, not special defects, for which the State owes the public the limited duty normally owed a licensee. *Payne,* 34 Tex.Sup.Ct.J. at 794. "The exception for special defects applies *only to defects that resemble excavations or obstructions* on highways, roads, or streets." *Id.* (emphasis added). Dangerous conditions located near a roadway may be deemed special defects if they pose a threat to the ordinary users of a particular

---

**3.** Article 6252–19, section 3 of the Texas Revised Civil Statutes was codified into section 101.022 of the Texas Civil Practice and Remedies Code. TEX.REV.CIV.STAT.ANN. art. 6252–19, § 3 (Vernon 1970) (now TEX.CIV.PRAC. & REM.CODE ANN. § 101.-022 (Vernon 1986)). The current version of the Texas Tort Claims Act does not substantively change the prior version. *Hawley v. State Dep't of Highways,* 830 S.W.2d 278, 280 (Tex.App.—Amarillo 1992, no writ).

roadway. *Id.* at 795 n. 2. A factor to be considered in determining whether a special defect exists is the size of the dangerous condition. *Harris County v. Eaton,* 573 S.W.2d 177, 179 (Tex.1978). A special defect need not have been created by the governmental unit itself. *Id.*

Courts have deemed holes, ice, brush, mud, water, a traffic signal base, and an unmarked termination of a dead end street to be "special defects" for purposes of the Texas Tort Claims Act as it applies to highways, roads, or streets.[4] A culvert, median, seawall, parked vehicle, pavement marking, and severe depression have not been considered "special defects" by Texas courts.[5]

■ The leaf spring here does not resemble an excavation or obstruction—it is more like debris or trash found on the side of a highway than like the objects previously considered special defects by our courts. It measures three inches wide, nine inches long, and less than a quarter inch thick. The truck leaf spring was not located on the highway, but on the shoulder next to the median. It is not large enough to constitute a risk to ordinary users of the highway. Under the facts of this case, we hold that the truck leaf spring is not a special defect as a matter of law.

The State also argues that the Horrocks' pleadings did not support submitting the special defect issue to the jury. The Horrocks neither specifically pleaded for relief under the Texas Tort Claims Act, nor did they allege that a "special defect" caused their damages. The State's answer raised the defense of sovereign immunity and invoked the exclusions of the Texas Tort Claims Act, including TEX.CIV.PRAC. & REM. CODE ANN. § 101.022 (Vernon 1986).

■ In determining whether jury questions are supported by the pleadings, the trial court will supply omissions in the pleadings of one party by referring to the allegations contained in the pleadings of another party. *Lacy v. First Nat'l Bank of Livingston,* 809 S.W.2d 362, 365 (Tex. App.—Beaumont 1991, no writ). Allegations contained in an answer may be used to supply any deficiency in a petition. *Flatte v. Kossman Buick Co.,* 265 S.W.2d 643, 644 (Tex.Civ.App.—Texarkana 1954, writ ref'd n.r.e.). "Ultimately, the purpose of pleadings is to give the adversary parties notice of each parties claims and defenses, as well as notice of the relief sought. This purpose is served, however, when the defendant pleads a defense or limitation of liability which contemplates a particular remedy; then the plaintiff is en-

---

4. *See, e.g., Harris County v. Eaton,* 573 S.W.2d 177, 178–80 (Tex.1978) ("chughole" that varied from six to ten inches in depth and extended over ninety percent of the width of the highway); *State Dep't of Highways v. Kitchen,* 840 S.W.2d 505, 507–08 (Tex.App.—Corpus Christi, n.w.h.) (en banc) (ice on bridge); *State Dep't of Highways v. Zachary,* 824 S.W.2d 813, 816–17 (Tex.App.—Beaumont 1992, writ requested) (standing water); *City of San Antonio v. Schneider,* 787 S.W.2d 459, 466–68 (Tex.App.—San Antonio 1990, writ denied) (wet, slippery road); *Chappell v. Dwyer,* 611 S.W.2d 158, 161 (Tex.Civ.App.—El Paso 1981, no writ) (large brush hiding arroyo); *State v. Nichols,* 609 S.W.2d 571, 573 (Tex.Civ.App.—Waco 1980, writ ref'd n.r.e.) (caved-in portion of highway, three to five feet wide and three to four feet deep); *State v. McBride,* 601 S.W.2d 552, 558 (Tex.Civ. App.—Waco 1980, writ ref'd n.r.e.) (slick and muddy condition of road under repair); *Miranda v. State,* 591 S.W.2d 568, 569 (Tex.Civ. App.—El Paso 1979, no writ) (two feet of floodwater); *Andrews v. City of Dallas,* 580 S.W.2d 908, 909–11 (Tex.Civ.App.—Eastland 1979, no writ) (base of traffic signal extending 26 inches above street level and located six inches from traveled portion of highway); *City of Houston v. Jean,* 517 S.W.2d 596, 599 (Tex.Civ.App.—Houston [1st Dist.] 1974, writ ref'd n.r.e.) (unmarked termination of dead end street four feet from ditch).

5. *See, e.g., State Dep't of Highways v. Payne,* 34 Tex.Sup.Ct.J. 793, 795 (September 11, 1991) (culvert near roadway); *Villarreal v. State,* 810 S.W.2d 419, 422 (Tex.App.—Dallas 1991, writ denied) (median cut in highway); *Payne v. City of Galveston,* 772 S.W.2d 473, 477 (Tex.App.—Houston [14th Dist.] 1989, writ denied) (seawall separated from roadway by 20 feet of sidewalk); *Palmer v. City of Benbrook,* 607 S.W.2d 295, 300 (Tex.Civ.App.—Fort Worth 1980, writ ref'd n.r.e.) (vehicle legally parked on street); *State Dep't of Highways v. Carson,* 599 S.W.2d 852, 853 (Tex.Civ.App.—El Paso 1980, writ ref'd n.r.e.) (defective pavement marking); *Sutton v. State Dep't of Highways,* 549 S.W.2d 59, 60–61 (Tex.Civ.App.—Waco 1977, writ ref'd n.r.e.) (severe depression in highway where asphalt sunk below abutting concrete bridge).

titled to that relief despite a failure to plead specifically for such relief." *Perez v. Briercroft Serv. Corp.,* 809 S.W.2d 216, 218 (Tex.1991). Since the State raised the special defect issue by its answer, we find its assertion that the Horrocks' pleadings failed to support jury questions on this issue to be without merit.

## PREMISE DEFECTS UNDER THE TEXAS TORT CLAIMS ACT

█ Since there is no special defect in this case, the State's duty of care with respect to the truck leaf spring is governed by the ordinary rule for premises defects. TEX.CIV.PRAC. & REM.CODE ANN. § 101.022(a) (Vernon 1986); *Payne,* 34 Tex.Sup.Ct.J. at 795. Under a premise defect theory, the State owes the Horrocks only the duty it would owe to a licensee—that is, the duty not to injure by willful, wanton, or grossly negligent conduct and the duty to warn or make reasonably safe any dangerous condition of which it is aware and of which the licensee is unaware. *Payne,* 34 Tex.Sup. Ct.J. at 794. The jury found that the State's gross negligence, if any, did not proximately cause the accident; therefore, to prevail on a premise defect theory, the Horrocks must prove that (1) the State knew of the defect, and (2) Jimmy Horrocks lacked knowledge of the defect. *Id.* at 795.

The State argues in its fifth point of error that no evidence or, alternatively, that insufficient evidence exists to support the submission of question no. 2 asking the jury to find that the State knew of the defect. The Horrocks respond that the State failed to preserve error because it objected to the submission of question no. 2 on the ground that the pleadings did not support its submission and did not assert no evidence or insufficient evidence grounds. In the alternative, the Horrocks contend that there was ample evidence that the State should have known of the defect.

In response to question no. 2, the jury found that the State knew or should have known about the special defect. The jury also found, in response to question no. 5, that Horrocks neither knew nor should

have known of the dangerous condition on the date of the accident.

Recently, the Texas Supreme Court held that factual insufficiency and no evidence points of error are preserved for review if a motion for new trial is timely filed in compliance with Rule 329b of the Texas Rules of Civil Procedure. *Cecil v. Smith,* 804 S.W.2d 509, 512 (Tex.1991). Here, the State timely filed a motion for new trial under Rule 329b, raising its no evidence and factual insufficiency of the evidence points and, thus, preserved these points for our review.

█ In determining a "no evidence" point, we must consider only that evidence and reasonable inferences therefrom that tend to support the jury findings, disregarding all contrary evidence and inferences. *Best v. Ryan Auto Group, Inc.,* 786 S.W.2d 670, 671 (Tex.1990). A no evidence point may only be sustained when the record shows: (1) a complete absence of evidence of a vital fact; (2) the court is barred by evidentiary or other rules from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact amounts to no more than a mere scintilla; or (4) the evidence establishes conclusively the opposite of a vital fact. *Cecil,* 804 S.W.2d 509, 510 n. 2 (citing Robert W. Calvert, *"No Evidence" and "Insufficient Evidence" Points of Error,* 38 TEX.L.REV. 361, 362–63 (1960)).

█ In reviewing a "factual sufficiency" point, we must consider all of the evidence in the record, including any evidence contrary to the judgment. *Plas–Tex, Inc. v. U.S. Steel Corp.,* 772 S.W.2d 442, 445 (Tex.1989). A jury finding should be set aside only if the evidence is too weak to support the finding, or the answer is so against the overwhelming weight of the evidence that it is clearly wrong and manifestly unjust. *Garza v. Alviar,* 395 S.W.2d 821, 823 (Tex.1965); W. Wendell Hall, *Standards of Appellate Review in Civil Appeals,* 21 ST. MARY'S L.J. 865, 909 (1990).

█ Our review of the record shows that the State patrolled the area surrounding the highway where Horrocks' accident

occurred in order to make it safe for travel. However, due to the route taken by the State, a nearly one-half mile area including the area where Horrocks was injured, was never patrolled. No evidence was presented that the truck leaf spring was seen or reported to the State prior to the accident. Absent evidence of actual knowledge, coupled with the jury's finding that the State was not grossly negligent, we hold that the Horrocks cannot prevail on a premise defect claim. A finding that the State should have known of the special defect will not support a judgment on a premise defect theory of recovery.

### DISPOSITION

We sustain the State's third point of error contending that the trial court erred in submitting jury questions no. 1 and no. 2 concerning the special defect issue. We sustain the State's fourth point asserting that the truck leaf spring is not a special defect as a matter of law. We sustain the State's fifth point contending that there is no evidence to support the submission of question no. 2 asking the jury to determine that the State had actual knowledge of the special defect.

Because of our disposition of the State's third, fourth, and fifth points, we need not address its other points. The judgment of the trial court is reversed and judgment is rendered that the Horrocks take nothing in their suit against the State.