TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00267-CV







Walter V. Clendenen, Appellant



v.



Union Texas Petroleum Corporation, Appellee








FROM THE DISTRICT COURT OF RUNNELS COUNTY, 119TH JUDICIAL DISTRICT


NO. 10,691, HONORABLE JOHN E. SUTTON, JUDGE PRESIDING







PER CURIAM



 The district court rendered a summary judgment construing a prior judgment that
had determined the ownership of certain assignments in an oil and gas lease. Because we believe
that the district court correctly construed the prior judgment, we will affirm. 

 Appellant Walter Clendenen sued appellee Union Texas Petroleum Corporation in
this cause for wrongfully paying proceeds from gas production to Tom Ricks and Bill Halepeska. (1) 
Union Texas had contracted to buy gas produced from land subject to mineral leases in which
Clendenen held a working interest. The allegedly wrongful payments were attributable to
leasehold interests that Clendenen claimed were restored to him by virtue of the prior judgment. 
Clendenen therefore asked the trial court to declare the parties' interests in the leases in light of
that prior judgment.

 Union Texas denied that it withheld proceeds from Clendenen. It subsequently
moved for summary judgment on the ground, among others, that Clendenen sought, not a
construction of the prior judgment, but an expansion of its effect that would alter his interest in
the lease. Clendenen moved for summary judgment also, asserting that the prior judgment settled
the issue of wrongful payment. The trial court granted summary judgment to Union Texas and
denied any relief to Clendenen.

 Clendenen asserts in his sole point of error that the trial court erroneously
construed the prior judgment, on which he bases his claims in this cause. Clendenen contests both
the denial of his motion for summary judgment and the grant of Union Texas' motion. Judgments
are construed like other written instruments, and summary judgment based on an unambiguous
writing is proper. R & P Enters. v. LaGuarta, Gavrel & Kirk, Inc., 596 S.W.2d 517, 519 (Tex.
1980); Permian Oil Co. v. Smith, 107 S.W.2d 564, 567 (Tex. 1937). Because the parties' dispute
focuses not on the facts, but on the construction of the prior judgment, we review the cross-motions for summary judgment by determining all legal questions presented. Guynes v. Galveston
County, 861 S.W.2d 861, 862 (Tex. 1993). Each party bears the burden of establishing that it
is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a; Guynes, 861 S.W.2d at 862.

 The parties do not dispute the initial series of transactions by which interests in the
mineral lease were obtained. Clendenen owned both the surface estate and a one-third interest in
the mineral estate in the tracts of land on which the well was located. In 1978, Clendenen took
oil, gas, and mineral leases from himself and the two remaining mineral interest holders, W. H.
Varner and Mrs. H. S. Bright. He thereby obtained an undivided seven-eighths mineral interest
in the tracts of land subject to the suit.

 Clendenen then assigned twenty-five percent of his interest in each of the three oil
and gas leases to Ricks. On July 19, 1979, Clendenen assigned Ricks twenty-five percent of his
interest in the Bright lease, and the assignment was recorded in volume 497, page 167 of the deed
records of Runnels County, Texas. On the same date, Clendenen assigned Ricks twenty-five
percent of his interest in the Clendenen lease, and the assignment was recorded in volume 497,
page 170 of the same deed records. Clendenen assigned Ricks twenty-five percent of his interest
in the Varner lease on March 1, 1979. R & H Operating Co., Inc., made up of Ricks and
Halepeska, became the operator of the three leases.

 Ricks, however, proceeded to double record the assignments in the Bright and
Clendenen leases: on April 21, 1980, he caused to be recorded a duplicate assignment to him in
the Bright lease at volume 497, page 311, and a duplicate assignment to him in the Clendenen
lease at volume 497, page 314 of the deed records of Runnels County. The duplicate assignments
enabled Ricks to claim fifty percent of Clendenen's interest in the Bright and Clendenen leases. 
Ricks also conveyed a one-eighth working interest in the Varner lease to Halepeska.

 In November 1980, Clendenen sued Ricks, individually, and Ricks and Halepeska,
d/b/a R. & H. Operators, to set aside "Ricks' twenty-five percent assignment in the lease." 
Clendenen alleged that, because of a failure of consideration or, alternatively, fraudulent
inducement, the lease assignment "marked Exhibit A" should be set aside or reformed. Exhibit
A, attached to the petition, is Clendenen's assignment of twenty-five percent of his interest in the
Clendenen lease to Ricks, recorded on page 314. (2) This assignment is the duplicate assignment
in the Clendenen lease that Ricks caused to be recorded in 1980. 

 Union Texas was notified of Clendenen's suit and, in 1984, deposited funds into
the court's registry in a separate interpleader action. Union Texas named as defendants in the
interpleader action Clendenen, Ricks, and Halepeska. Union Texas pleaded that it was holding
proceeds allocable to Ricks for gas purchases from August 1982 through December 1983 and
allocable to Halepeska from May through December 1983.

 Ricks entered a stipulation in the suit in which he recognized that he owned only
the original twenty-five percent interest in the three leases; according to the stipulation, that
twenty-five percent interest was disputed by Clendenen. In a partial summary judgment order
signed June 16, 1983, the trial court declared that Clendenen owned seventy-five percent of the
seven-eighths working interest in the Bright lease. (3)

 The trial court rendered judgment in Clendenen's suit against Ricks on November
28, 1984, and ordered that


1. [t]he 25% of the 7/8ths oil, gas and other mineral interests heretofore conveyed
on July 19, 1979, by Walter Von Clendenen to Tom E. Ricks in and to that certain
property set out and described in an Assignment recorded in Volume 497, Page
314, of the Deed Records of Runnels County, Texas, be and same is hereby set
aside as of the 19th day of July, 1979, and all rights purported to be conveyed are
hereby vested in Walter Von Clendenen.


2. All funds held by this Court and attributable to such 25% of 7/8s of oil, gas
and mineral interest in the name of Tom E. Ricks in and under the property
described in the Assignment recorded in Volume 497, Page 314 of the Deed
Records of Runnels County, Texas, shall be paid and delivered to Walter Von
Clendenen and the Clerk of this Court is hereby authorized to make such
disbursement.



No other property interest is mentioned. The judgment rendered in this suit has become final.

 Clendenen brought the present suit against Union Texas in 1986. Clendenen
pleaded that from July 1982 through July 1983, Union Texas wrongfully paid Ricks $113,094.73,
and from June 1982 through July 1983, wrongfully paid Halepeska $25,553.20. Clendenen
alleged that Union Texas made the payments after it was notified of Clendenen's earlier suit and
from proceeds that were controverted and should have been held in suspense during that suit. 
Although Clendenen never specified in his pleadings the leasehold interests to which the allegedly
wrongful payments were attributable, this Court may look to Union Texas' answer to supply the
deficiency. Texas Dep't of Transp. v. Horrocks, 841 S.W.2d 413, 417 (Tex. App.--Dallas 1992),
rev'd on other grounds, 852 S.W.2d 498 (Tex. 1993); Flatte v. Kossman Buick Co., 265 S.W.2d
643, 644 (Tex. Civ. App.--Texarkana 1954, writ ref'd n.r.e.).

 Union Texas alleged in its pleadings that the disputed payments were attributable
to the original assignments from Clendenen to Ricks of twenty-five percent of Clendenen's interest
in the three leases. Union Texas asserted in its summary-judgment pleadings that during the prior
suit it continued to pay proceeds from the original twenty-five percent assignments to Ricks and
Halepeska and suspended only the proceeds from the duplicate assignments, based on what it
understood to be in dispute. In any event, both parties seek to resolve this suit based on the prior
judgment: Clendenen claims that he is due the money because the prior judgment voided the three
original lease assignments to Ricks; Union Texas claims that it properly paid Ricks and Halepeska
the money because the prior judgment voided only the duplicate assignments to Ricks in the Bright
and Clendenen leases.

 The partial summary judgment rendered in the prior cause concerns only the
duplicate assignment in the Bright lease and declares that Clendenen owns seventy-five percent
of the seven-eighths working interest in that lease. Although the order recites that Ricks' twenty-five percent interest in the Bright lease is disputed, that dispute is resolved by the final judgment. 
The final judgment in that cause refers to one specific lease assignment, recorded at volume 497,
page 314 of the county deed records, and it sets aside only that assignment. The assignment set
aside is the duplicate twenty-five percent assignment to Ricks in the Clendenen lease. The final
judgment, which incorporates the partial summary judgment, unambiguously sets aside only the
duplicate assignments in the Bright and Clendenen leases. R & P Enters., 596 S.W.2d at 519. 
The original assignments from Clendenen to Ricks remained intact under the judgment. Because
the trial court correctly construed the judgment to deny Clendenen's claim to proceeds from the
entire seven-eighths working interest in the leases, we overrule point 

one.


 We affirm the judgment of the trial court.


Before Justices Powers, Aboussie and B. A. Smith

Affirmed

Filed: May 17, 1995

Do Not Publish
1. [1]  Union Texas cross-claimed against Ricks for indemnification against any loss it suffered to
Clendenen, and Ricks counterclaimed against Union Texas. Ricks is not a party to the appeal.
2. [2] Although the volume number is not visible on this copy of the assignment, the copy is the
same as the lease assignment that the parties do not dispute was filed in volume 497 of the county
deed records. 
3. [3] The order refers to an attachment that "more fully describe[s]" the original twenty-five
percent interest conveyed to Ricks in the Bright lease. Although the attachment appears to be the
duplicate assignment to Ricks in the Clendenen lease, this defect does not vitiate the clear
language of the order.