**R & P ENTERPRISES, Petitioner,**

v.

**LaGUARTA, GAVREL & KIRK, INC., Respondent.**

No. B–8802.

Supreme Court of Texas.

March 26, 1980.

DeLange, Hudspeth, Pitman & Katz, Eugene J. Pitman, Houston, for petitioner.

Sheinfeld, Maley & Kay, William A. Jackson and Thomas A. Collins, Houston, for respondent.

DENTON, Justice.

Petitioner, R & P Enterprises, brought this suit against LaGuarta, Gavrel & Kirk, Inc., for deficiency on a promissory note after a trustee's sale of land securing the note. The trial court granted the plaintiff's motion for summary judgment and denied the defendant's motion for summary judgment. The court of civil appeals reversed and remanded. 584 S.W.2d 587. We re-

verse the judgment of the court of civil appeals and affirm the judgment of the trial court.

R & P Enterprises was the payee and holder of a renewal promissory note made by LaGuarta, Gavrel & Kirk, Inc., hereinafter referred to as LaGuarta, for $699,726. By the terms of the note, the first two years' payments were for interest only, and it was secured by a vendor's lien on certain described real property. A deed of trust on this property was executed from LaGuarta to Eugene Pitman, trustee, which provided for a trustee's sale upon default. There was default on the note's first anniversary; the trustee sold the property at public sale to R & P Enterprises for $500,000; R & P then brought this suit for the deficiency, attorneys' fees, 10% interest from the note's maturity, and ad valorem taxes owing on the property.

R & P moved for a summary judgment with supporting proof, LaGuarta filed both a response and a cross motion for summary judgment. Both of LaGuarta's instruments alleged that the note unambiguously prohibited an action for a deficiency following a foreclosure sale. LaGuarta's response to the summary judgment also alleged that if the note was determined to be ambiguous an issue of fact as to its proper construction had been raised. The trial court granted R & P's motion for summary judgment and denied that of LaGuarta. The court of civil appeals held that the note was ambiguous and reversed and remanded the case to the trial court.

The pertinent paragraph of the note reads:

Notwithstanding any contrary terms expressed or implied by the provisions of this note, it is expressly stipulated and agreed that the maker shall have personal liability for payment of this promissory note for and during the period ending with the second anniversary of the date of said note, after which time, all obligatory payments having been made prior to said date, the maker shall have no personal liability for the payment of any balance owing upon this note, and the payee, or other owner and holder or holders of said note shall thereafter look solely to the enforcement of the liens securing the payment hereof for satisfaction of the balance owing hereon, it being expressly agreed that upon any enforcement of the liens securing payment hereof, the maker shall have no liability for any deficiency remaining unpaid or unsatisfied thereafter, should same fail to fully satisfy and pay the unpaid balance then owing.

It is the position of R & P, the petitioner, that all the language following "after which time" relates only to events occurring after the second anniversary of the note. The words preceding that phrase provides for personal liability of the maker if the default occurs within the first two years of the making of the note. The remainder of the paragraph provides that no personal liability exists if default occurred after two years. R & P concludes that since it is undisputed that default by LaGuarta occurred on the note's first anniversary LaGuarta is personally liable for the deficiency. It is the position of respondent LaGuarta that R & P, holder of the note, is barred as a matter of law by the terms of the quoted paragraph of the note from recovering a deficiency. The argument is that the phrase "it being expressly agreed that upon enforcement of the lien securing payment hereof, the maker shall have no liability for *any* deficiency" frees the maker from personal liability "upon *any* enforcement of the lien" regardless when such action is taken. (Emphasis added).

 The court of civil appeals correctly stated the rules of interpretation of contracts as to whether or not they are unambiguous. The question of whether a contract is ambiguous is one of law for the court. The *City of Pinehurst v. Spooner Addition Water Co.*, 432 S.W.2d 515 (Tex. 1968); *Myers v. Gulf Coast Minerals Management Corp.*, 361 S.W.2d 193 (Tex.1962). In the interpretation of contracts the primary concern of courts is to ascertain and to give effect to the intentions of the parties as expressed in the instrument. *Citizens Nat. Bank in Abilene v. Texas & P. Ry.*

*Co.*, 136 Tex. 333, 150 S.W.2d 1003 (1941). To achieve this object the Court will examine and consider the entire instrument so that none of the provisions will be rendered meaningless. *Southland Royalty Co. v. Pan American Petroleum Corp.*, 378 S.W.2d 50 (Tex.1964); *Steeger v. Beard Drilling, Inc.*, 371 S.W.2d 684 (Tex.1963). If a written instrument is so worded that a court may properly give it a certain or definite legal meaning or interpretation, it is not ambiguous. On the other hand, a contract is ambiguous only when the application of the applicable rules of interpretation to the instrument leave it genuinely uncertain which one of the two meanings is the proper meaning. *Universal C.I.T. Credit Corp. v. Daniel*, 150 Tex. 513, 243 S.W.2d 154 (1951); *Lewis v. East Texas Finance Co.*, 136 Tex. 149, 146 S.W.2d 977 (1941). If after applying the established rules of interpretation, a written instrument remains reasonably susceptible to more than one meaning, extraneous evidence is admissible to determine the true meaning of the instrument. Normally, a summary judgment based on such a record is improper. *Thompson v. Hambrick*, 508 S.W.2d 949 (Tex.Civ.App.—Dallas 1974, writ ref'd n. r. e.); *Robert v. E. C. Milstead Ranching, Inc.*, 469 S.W.2d 429 (Tex.Civ.App.—Beaumont 1971, writ ref'd n. r. e.). With these rules of interpretation before us, we will examine the note involved in this suit.

It is apparent that the material paragraph of the note under consideration provides that during the period ending with the second anniversary of the date of the note, the maker shall have personal liability for its payment. The phrase "after which time" clearly refers to the two-year period that the maker is relieved from personal liability for the payment of such note, or any deficiency which may exist after the enforcement of the liens securing its payment. This interpretation is strengthened by the phrase "shall thereafter look solely to the enforcement of the liens securing the payment hereof . . . ." The court of civil appeals held that the last phrase of the paragraph "upon any enforcement of the liens . . . the maker shall have no

liability for any deficiency" does not refer to any period of the life of the note. The Court concluded that this phrase made the note reasonably susceptible to more than one meaning, and thus renders the provision ambiguous.

We hold that the note is unambiguous. In our opinion the paragraph under consideration is reasonably susceptible to only one meaning. The parties intended that the note would provide for personal liability of the maker if default occurred within the first two years of the note's anniversary. The relief of personal liability of the maker by "any enforcement of the liens" follows the phrase "after which time" and relates to events occurring after the second anniversary of the note. Since it is uncontradicted there was default within the two-year period, the maker was personally liable for the deficiency as prayed for by the payee.

The judgment of the court of civil appeals is reversed and the judgment of the trial court is affirmed.