George S. SCHOOLS, Appellant,

v.

**DALLAS MEDICAL & SURGICAL CLINIC & Morris Magers, Appellee.**

No. 05–82–00297–CV.

Court of Appeals of Texas, Dallas.

May 26, 1983.

H. Dee Johnson, Jr., Bruce Budner, Dallas, for appellant.

Werner A. Powers, Dallas, for appellee.

Before SPARLING, ALLEN and ROWE, JJ.

SPARLING, Justice.

This is an appeal from a take nothing summary judgment. Appellant, Dr. George S. Schools sued appellee, Dallas Medical and Surgical Clinic, alleging breach of an employment contract and, alternatively, damages in *quantum meruit.* Appellant also sued appellee, Dr. Morris Magers, alleging breach of fiduciary duty. In four points of error appellant alleges that the trial court erred in granting summary judgment to appellees reasoning that: the terms of the employment contract are ambiguous, the terms of the employment contract are vague, there was a disputed issue of material fact over the compensation to be paid to him, and there was a disputed issue of material fact as to the existence of a fiduciary duty. We overrule all points of error and affirm.

On February 8, 1980, Dr. George Schools entered a written employment contract with appellee, Dallas Medical and Surgical Clinic. Appellee Dr. Morris Magers was on the board of directors of the Clinic at the time. The contract provides that Schools would practice medicine as an employee of the clinic for a period of twelve months beginning March 15, 1980. The clinic agreed to pay Dr. Schools a total benefit package of $45,627.74 for the period. In addition the contract provided:

### III

### Compensation

For all services rendered by Dr. Schools under this Agreement, the Clinic shall pay to Dr. Schools (see attached benefit package for Dr. Schools). The medical services and collections of Dr. Schools shall be reviewed each 90 days by the Board of Directors and an *appropriate* increase shall be made by the Board if it finds the medical services and collections justify an increase. [Emphasis added].

Since this language is the basis for three of Schools' points of error, we will discuss them together.

Dr. Schools concedes that the outcome of points of error one, two and three turn on whether the language of section three of the contract is ambiguous. He asserts that the word "appropriate" as used in section three is ambiguous and that because of this ambiguity he should be allowed to present extrinsic evidence to show the compensation which the Clinic agreed to pay him. Specifically, Dr. Schools urges that ambiguity exists because what is appropriate "varies from case to case." Dr. Schools concedes, however, that there is no ambiguity if the contract granted unquestionable discretion to the Clinic's board to determine what would be an appropriate increase. The Clinic contends and we agree, that the contract does in fact give its board that discretion.

Ambiguity exists if, after applying the pertinent rules of contract construction to the instrument, one remains uncertain which of two or more meanings is the proper meaning. *R & P Enterprises v. LaGuarta Gavrel & Kirk, Inc.,* 596 S.W.2d 517 (Tex.1980); *Universal C.I.T. Credit Corp. v. Daniel,* 150 Tex. 513, 243 S.W.2d 154 (1951). In interpreting the contract this court must ascertain and implement the intent of the parties as expressed in the instrument. *R & P Enterprises,* 596 S.W.2d at 518; *Citizens Nat. Bank in Abilene v. Texas & P. Ry. Co.,* 136 Tex. 333, 150 S.W.2d 1003 (1941). To do so, we must examine and consider the entire disputed provision so that, if possible, no part of it will be rendered meaningless. *See R & P Enterprises,* 596 S.W.2d at 519; *Southland Royalty Co. v. Pan American Petroleum Corp.,* 378 S.W.2d 50 (Tex.1964); *Steeger v. Beard Drilling, Inc.,* 371 S.W.2d 684 (Tex.1963).

In reading the entire clause labeled "compensation," we note that this clause provides that the board "shall review" the services and collections each ninety days. Thus, there is no discretion given to the board as to whether it should review services and collections. The clause further grants the board discretion to determine if an increase in compensation shall be awarded by stating "increase shall be made by the board if it finds the medical services and collections justify an increase." Thus, the contract mandates that every ninety days the board shall review Dr. Schools' services and collections, but the board may determine whether Schools' services and collections justify an increase. If the board decides that he is entitled to any increase, it agrees to make an "appropriate increase." Thus, it was within the discretion of the Clinic's board to determine the amount of an "appropriate increase"; otherwise, the discretion given to the board as to whether an increase should be made would be rendered meaningless. We hold that there is no ambiguity in the use of "appropriate" in the disputed provision. Points of error one, two and three are overruled.

Dr. Schools' fourth point of error concerns his cause of action against Dr. Magers for breach of fiduciary duty. Dr. Schools has conceded in his brief and on oral argument that if he has no cause of action against the Clinic, he has no cause of action against Dr. Magers. We agree, and in view of our disposition of the other points of error, we overrule his fourth point of error.

Affirmed.