AVIS RENT A CAR SYSTEM, INC.
et al, Appellants,

v.

The ADVERTISING AND POLICY COMMITTEE OF THE AVIS RENT A CAR SYSTEM, et al, Appellees.

No. B14–88–413–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Sept. 28, 1989.

Rehearing Denied Sept. 21, 1989.

Rufus Wallingford, Robert S. Harrell, Houston, John M. Simpson, Washington, D.C., for appellants.

John B. Holstead, Houston, for appellees.

Before MURPHY, ROBERTSON and SEARS, JJ.

## OPINION

ROBERTSON, Justice.

On motion for rehearing filed by appellees we withdraw our original opinion of August 10, 1989 and substitute the following therefor.

In the underlying suit for, among other things, declaratory judgment, the trial court granted a partial summary judgment, construed the terms of the contract in dispute, and issued a permanent injunction enforcing the terms of the contract as construed. Appellant contests the grant of partial summary judgment and the issuance of the injunction. We reverse.

Following the grant of summary judgment, the trial court severed the remaining causes of action, finalized the partial summary judgment, and Avis appealed. This portion of the case is our cause number B14–88–00413–CV. The severed causes of action proceeded to trial and, following the entry of judgment, appeals by both sides to the controversy followed. Those proceedings are our cause number B14–88–00738–CV. While we consolidated the causes for hearing, we will address the issues in separate opinions.

The overall dispute arises over the terms of the license agreement (the Exclusive License Agreement or ELA) between Avis Rent A Car System, Inc. (Avis or licensor) and its licensees (licensees), the Advertising and Policy Committee of the Avis Rent a Car System (the A & P Committee) and the Avis System Advertising Trust (the trust). However, with regard to this portion of the appeal, the dispute concerns only those provisions of the ELA governing advertising.

In the summary judgment the trial court declared:

4. The Advertising and Policy Committee is a joint Committee representing Avis and all Licensees. By the clear and unambiguous terms of the Exclusive License Agreement and the Operating Rules and Procedures of the Advertising Trust, the Advertising and Policy Committee has full responsibility for the Avis System National Advertising Program, including, but not limited to, the responsibility for the nature, scope, character and content of the Avis System National Advertising Program and the right to employ the advertising agency to execute or carry out the Avis System National Advertising Program.

5. The Avis System National Advertising Program is to be the only National Advertising Program for the Avis System in the forty-eight (48) contiguous states of the United States.

6. Avis' right to approve the use of the name "Avis" and related logos and registered trademarks in the Avis System National Advertising Program may not

be exercised by Avis arbitrarily, unreasonably or for an improper purpose.

7. Avis is currently conducting National Advertising for the Avis System in violation of the Advertising and Policy Committee's rights and responsibilities concerning the Avis System National Advertising Program. In order to protect and enforce the Plaintiffs' rights and responsibilities, as declared by this Court, it is necessary to enter a permanent injunction ordering Avis to act in conformity with the Plaintiffs' rights and responsibilities as hereinafter determined and declared by this Court.

The trial court, having found that there was "to be only one such National Advertising Program in the United States," further "restrained and enjoined [AVIS] from conducting any advertising program which is National in scope without the prior approval of The Advertising and Policy Committee."

Appellants contend there is no basis in the contract for the trial court's determination that the A & P committee controls *all* advertising for the Avis system. We agree.

In pursuing its motion for summary judgment, the A & P Committee primarily relied on section 4 of the ELA, which provides for a national advertising program. That section provides in part:

> Licensee agrees to subscribe to the National Advertising Campaign which the Licensor and Licensees *may* carry out and to contribute to the expense thereof.
>
> \*   \*   \*   \*   \*   \*
>
> The expenditure, pledging, and disbursement of these advertising funds shall be the complete responsibility of said Advertising and Policy Committee and shall be carried out only in such manner as shall be approved by said Committee
>
> \*   \*   \*   \*   \*   \*

Licensor expressly reserves the right to stipulate the manner in which the name "Avis" or the name of the System may be used in any advertising, and disapprove any advertising in which such names may be used. (emphasis supplied)

All parties agreed, and the trial judge found, that the Exclusive License Agreement was clear and unambiguous. Under such circumstances it was the duty of the court to construe the contract as a matter of law. *R & P Enterprises v. LaGuarta, Gavrel & Kirk*, 596 S.W.2d 517, 518 (Tex. 1980)[1]. In *LaGuarta*, the supreme court stated:

> In the interpretation of contracts the primary concern of courts is to ascertain and to give effect to the intentions of the parties as expressed in the instrument. To achieve this object the Court will examine and consider the entire instrument so that none of the provisions will be rendered meaningless. If a written instrument is so worded that a court may properly give it a certain or definite legal meaning or interpretation, it is not ambiguous.

*Id.*

Section 5 of the ELA clearly provides that the Advertising and Policy Committee has "full responsibility for the Avis System National Advertising Programs *as set forth in Section 4, above.*" (emphasis supplied) In section 2, the licensee recognizes Avis' exclusive right to the system, and all parts thereof, including all advertising matter. Nowhere does the ELA provide, as found by the trial court, that "there is to be only one such National Advertising Program in the United States" or that the A & P Committee has full responsibility for such a program. Further, in section 4, Avis expressly reserved the right to stipulate how the name "Avis" would be used. The trial court, in effect, has rewritten the

---

**1.** Appellants state that Sec. 17 of the ELA requires it to be construed in accordance with the laws of New York. Appellees state that prior to 1962, all ELAs provided for the application of the laws of Massachusetts and that Avis, without authority, changed the choice of law provision. However, appellees further state "the practical effect of the choice of law in this case is mini-

mal in any event." We agree. It appears the rules of contract construction for all three states are the same—to ascertain the true intentions of the parties as expressed in the instrument. *Coker v. Coker*, 650 S.W.2d 391 (Tex.1983); *Slatt v. Slatt*, 64 N.Y.2d 1099, 489 N.Y.S.2d 907, 479 N.E.2d 252 (1985); *Robert Industries Inc. v. Spence*, 362 Mass 751, 291 N.E.2d 407 (1973).

contract and supplied additional terms under the guise of interpretation. It was without authority to do so. *Royal Indemnity Company v. Marshall,* 388 S.W.2d 176, 181 (Tex.1965).

In view of our holding concerning contract interpretation, we need not discuss appellants' contentions that fact issues precluded summary judgment, that the summary judgment was flawed by procedural errors, and that the trial court abused its discretion and therefore erred in issuing a permanent injunction.

The judgment is reversed and the injunction is set aside.