TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-97-00764-CV







Lynn Nations, Appellant




v.




Mickelsen & Bass, Inc., Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT


NO. 97-03466, HONORABLE W. JEANNE MEURER, JUDGE PRESIDING 







 Lynn Nations appeals the trial court's summary judgment that she is jointly and
severally obligated to pay appellee Mickelsen & Bass, Inc. ("M&B") damages of $13,866, plus
interest, costs, and attorney's fees. We will reverse the trial court's judgment and remand the
cause.

 Nations is the former president and sole shareholder of Advanced Home Loan, Inc.,
d/b/a Advanced Mortgage. On October 15, 1996, Nations sold her shares in Advanced Mortgage
to Joe Shaffer. Shaffer also succeeded Nations as president of Advanced Mortgage. M&B alleged
that, while Nations was president, it provided services on an open account to Advanced Mortgage. 
These services consisted of real estate appraisals which, M&B claimed, came to a total of $13,866.

 M&B sued Advanced Mortgage and Nations on a sworn account and for breach of
contract, seeking to recover $13,866 for the services it had rendered. Advanced Mortgage
answered and admitted M&B's allegations. Nations specifically denied the sworn account and her
liability to M&B. M&B then moved for summary judgment on the grounds that it had established
its sworn account against Advanced Mortgage and that Nations had agreed to indemnify Advanced
Mortgage for any claim that existed against it as of October 15, 1996. The trial court granted the
motion and rendered judgment against Advanced Mortgage and Nations jointly and severally for
$13,866 in damages, $3500 in attorney's fees, interest, and costs. Only Nations appeals.

 In her sole issue on appeal, Nations contends that the trial court erred in rendering 
summary judgment against her. To prevail on its summary-judgment motion, M&B was required
to prove that no genuine issue of material fact existed and that it was entitled to judgment as a
matter of law. Tex. R. Civ. P. 166a(c). In reviewing the summary judgment, we must accept as
true the evidence in Nations' favor, indulging every reasonable inference and resolving all doubts
in her favor. Nixon v. Mr. Property Management Co., 690 S.W.2d 546, 548-49 (Tex. 1985).

 M&B sought summary judgment against Nations on the basis that she had agreed
to indemnify Advanced Mortgage for the claim M&B asserted against it. M&B asserted that
Nations was the party ultimately liable for any judgment against Advanced Mortgage, and it
attached to its motion the affidavit of Joe Shaffer, in which he assigns to M&B all his rights in the
indemnity agreement. Also attached to M&B's motion is the indemnity agreement on which it
relies. The agreement first defines the terms used within it; these include the terms "Closing
Date," which means October 15, 1996, "Seller," meaning Lynn Nations, "Buyer," meaning Joe
Shaffer, and "the Business," meaning Advanced Home Loan, Inc. The indemnity agreement then
provides:


1. SELLER'S Agreement to Indemnify. SELLER covenants and agrees that
SELLER will indemnify and hold harmless BUYER from and after the closing
against:


 a. Any federal, state or local tax liability (offset by any tax benefit) with
respect to the Business ended on or before the Closing Date.


 b. Any other liability of or claim against SELLER whether accrued, absolute,
contingent or otherwise, existing on or before Closing Date.


M&B asserted that all the charges at issue accrued before the closing date.

 A summary judgment may properly be based on an unambiguous contract. R & P
Enters. v. LaGuarta, Gavrel & Kirk, Inc., 596 S.W.2d 517, 519 (Tex. 1980). In interpreting a
contract, the primary concern of the court is to ascertain and give effect to the intentions of the
parties as expressed in the instrument. Id. at 518. To achieve this end, the court will examine and
consider the entire instrument so that none of the provisions will be rendered meaningless. Id. at
519. If a written instrument is so worded that a court may properly give it a certain or definite
legal meaning, it is not ambiguous. Id.

 By the plain language of the agreement, Nations promised to indemnify Shaffer
himself and to hold him harmless from any claim against Nations herself. The parties were
explicit in defining "Buyer" and "Seller" separately from "the Business," the latter referring to
a corporation and the former two referring solely to individuals. The corporation has a separate
legal existence from its officers and shareholders, and M&B alleges no basis on which Nations,
or in turn Shaffer, as president and sole shareholder of Advanced Mortgage, should be held liable
for the debts of Advanced Mortgage. See Tex. Bus. Corp. Act Ann. art. 2.21 (West Supp. 1999)
& art. 2.42 (West 1980 & Supp. 1999); see also Castleberry v. Branscum, 721 S.W.2d 270, 272
(Tex. 1986). Further, in clause 1(a), Nations agreed to indemnify Shaffer against any tax liability
"with respect to the Business." If the parties had meant for Nations to indemnify Shaffer against
any other liability or claim incurred by Advanced Mortgage, they could easily have done so.

 Although the indemnity agreement may have been one of several documents by
which Nations concluded the sale of stock in Advanced Mortgage to Shaffer, the summary-judgment record does not include the remainder of these documents. We thus cannot interpret the
indemnity agreement in light of any contemporaneously executed agreements. We cannot
conclude that Nations unambiguously agreed to indemnify Shaffer for claims against his
corporation. (1) Because the claims M&B asserted against Nations arose from debts incurred by
Advanced Mortgage, the trial court erred in rendering judgment against Nations based on the
indemnity agreement. We therefore sustain Nation's issue.

 We reverse the trial court's judgment and remand the cause for further proceedings.



 

 Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices Jones and Yeakel

Reversed and Remanded

Filed: May 20, 1999

Do Not Publish

1. In its reply to Nations' response to its summary-judgment motion, M&B asserted that
Nations admitted owing $5200 of the claim to M&B. M&B argued that Nations had taken
inconsistent positions on her obligation to pay M&B. We view this argument, not as a separate
ground for summary judgment, but as a reason to hold Nations liable under the indemnity
agreement. Because summary judgment is proper only if Nations unambiguously agreed to accept
liability, we do not consider evidence extraneous to the contract.


the basis that she had agreed
to indemnify Advanced Mortgage for the claim M&B asserted against it. M&B asserted that
Nations was the party ultimately liable for any judgment against Advanced Mortgage, and it
attached to its motion the affidavit of Joe Shaffer, in which he assigns to M&B all his rights in the
indemnity agreement. Also attached to M&B's motion is the indemnity agreement on which it
relies. The agreement first defines the terms used within it; these include the terms "Closing
Date," which means October 15, 1996, "Seller," meaning Lynn Nations, "Buyer," meaning Joe
Shaffer, and "the Business," meaning Advanced Home Loan, Inc. The indemnity agreement then
provides:


1. SELLER'S Agreement to Indemnify. SELLER covenants and agrees that
SELLER will indemnify and hold harmless BUYER from and after the closing
against:


 a. Any federal, state or local tax liability (offset by any tax benefit) with
respect to the Business ended on or before the Closing Date.


 b. Any other liability of or claim against SELLER whether accrued, absolute,
contingent or otherwise, existing on or before Closing Date.


M&amp