NUMBER 13-98-105-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________


NOE VILLARREAL, Appellant,


v.



AJAX SUPPLY COMPANY, Appellee.

___________________________________________________________________


On appeal from the County Court at Law No. One


of Nueces County, Texas.


___________________________________________________________________


O P I N I O N



Before Chief Justice Seerden and Justices Yañez and

Chavez


Opinion by Justice Yañez



 This case involves a dispute over a document signed by the
appellant, Noe Villarreal, which arranged for the payment of a debt
owed by Big Star Electric Company (Big Star) to appellee, Ajax Supply
Company (Ajax). Villarreal was the president of Big Star at the time the
document, which is entitled "promissory note," was executed. On June
21, 1996, Ajax brought suit against "Noe Villarreal individually and d/b/a
Big Star Electric Company," alleging that the defendants had defaulted
on the note on May 26, 1996. Villarreal filed a verified answer, in which
he specifically denied that Big Star Electric Company was a trade name
owned by him and denied that he did business under the name Big Star
Electric Company. Villarreal further denied executing the note in his
individual capacity and alleged that there was no consideration to
support the document. Following a bench trial the trial court found that
there was good consideration to support the note and that Villarreal had
executed the note individually and as president of Big Star. The trial
court entered judgment for Ajax against Villarreal. Villarreal appeals
from this judgment. We affirm.

 In his first issue, Villarreal argues that the trial court erred in
finding him individually liable under the promissory note. This is a
challenge to the sufficiency of the evidence supporting the trial court's
findings. In a case tried to the court, the findings of fact "have the
same force and dignity as a jury's verdict upon the questions." 
Anderson v. City of Seven Points, 806 S.W.2d 791, 794 (Tex. 1991). 
The standards for reviewing the legal and factual sufficiency of the
evidence supporting the court's findings of fact are the same as the
standards applied in reviewing the legal and factual sufficiency of the
evidence supporting a jury's finding. Id. 

 A challenge to the legal sufficiency of the evidence will succeed
when:

(a) there is a complete absence of evidence of a vital fact, (b)
the court is barred by rules of law or of evidence from giving
weight to the only evidence offered to prove a vital fact, (c)
the evidence offered to prove a vital fact is no more than a
mere scintilla, or (d) the evidence conclusively establishes
the opposite of a vital fact.


Merrell Dow Pharmaceuticals v. Havner, 953 S.W.2d 706, 711 (Tex.
1997), cert. denied, 53 U.S. 1119 (1998). A challenge to the factual
sufficiency of the evidence will succeed "only if [the verdict] is so
contrary to the overwhelming weight of the evidence that the verdict is
clearly wrong and unjust." Maritime Overseas Corp. v. Ellis, 971
S.W.2d 402, 407 (Tex. 1998). "The court of appeals is not a fact finder. 
Accordingly, the court of appeals may not pass upon the witnesses'
credibility or substitute its judgment for that of the jury, even if the
evidence would clearly support a different result." Id. 

 When a contract is susceptible to more than one interpretation it
is ambiguous, and a trial court may consider extraneous evidence to
determine the true meaning of the contract. R & P Enter. v. LaGuarta,
Gavrel & Kirk, Inc., 596 S.W.2d 517, 519 (Tex. 1980). In the instant
case the contract is ambiguous as to Villarreal's individual liability for
Big Star's debt. 

 At the bench trial, both parties brought forth evidence to support
their interpretations of the document. Bill Winston, the president of
Ajax, testified that the note was executed by Villarreal in exchange for
Ajax's agreement to forego collection of the money that Big Star owed
to Ajax. Winston further testified that, by signing the note, Villarreal
was personally agreeing to pay the debt. Villarreal testified that he did
not intend to be personally liable. The note in question states that the
principal is to be paid in monthly installments until the entire amount
is paid. The note was signed by Villarreal twice, once as "Noe Villarreal,
President," and again as "Noe Villarreal, Individually." The final
paragraph of the note states that "[a]s long as Maker is not in default
hereunder, no judgment will be taken against BIG STAR ELECTRIC
COMPANY OR NOE VILLARREAL." The trial court could reasonably
conclude, based on the testimony as well as the document itself, that
the intention of the parties was to enter into a contract whereby Big
Star agreed to pay its debt to Ajax in monthly installments and that
Villarreal agreed to be held personally liable for the debt enumerated in
the note.

 Weighing all the evidence, we conclude that the trial court's
verdict was not contrary to the overwhelming weight of the evidence. 
The evidence is legally and factually sufficient to support the verdict.

 Villarreal's second issue deals with an alternate theory of liability
under the Texas Tax Code. Because the first issue is dispositive, and
there is no evidence that the trial court relied on an alternate theory of
liability, we do not discuss this issue. Tex. R. App. P. 47.1.


 The judgment of the trial court is AFFIRMED.



 ________________________

 LINDA REYNA YAÑEZ

 Justice

Do not publish.

Tex. R. App. P. 47.3.


Opinion delivered and filed this

the 27th day of July, 2000.