STEWART, Circuit Judge,
concurring in part and dissenting in part:
I agree with the majority opinion’s description of the flow of events in this dispute between Maximus, Inc., and its former employee, Wayne Specht, as to whether Maximus owed Specht $300,000 in commission compensation. Specifically, the issue here is whether Specht fulfilled the requirements of the applicable compensation contract when he filled out and circulated a form regarding a business opportunity that he pursued — and eventually secured — for Maximus. That business opportunity resulted in $370 million of revenue to Maximus. Under the contract, if all conditions were met, Specht would have been eligible for a $300,000 commission from Maximus. The crux of the dispute is whether Specht secured “the approval of the appropriate division(s) and/or group(s) using the ‘Opportunity Approval Request’ ” (“OAR”) for the project. Specht did prepare and circulate an OAR, on the standard company form, which identified the lead division for the anticipated project as “Health Services-Health Systems” and listed additional divisions that “may be” involved. The form was signed by Specht’s direct supervisor and the President of the Health Services division. Neither suggested that any additional circulation or approvals were needed, nor did they at any later time in the project’s development and success for Maximus. Maximus refused to pay Specht and later eliminated his job position and terminated him.
The majority opinion addresses two alternative holdings on which the district court’s grant of summary judgment in favor of Specht rested. First, it addresses the district court’s conclusion that Maxi-mus waived any objection to the form of Speeht’s OAR notice by its conduct in pursuing the opportunity. I concur in the majority opinion’s determination that Max-imus’s procedural argument — that it was prejudiced by the district court raising waiver sua sponte — was harmless.
Next, the majority opinion addresses whether summary judgment was appropriate on the basis that there was a breach of contract — i.e., that Specht had complied with the contract regarding the OAR paperwork and that Maximus’s refusal to pay *882 Specht’s commission was a breach of contract. The majority opinion concludes that the contract is ambiguous as to what approval from “all appropriate division(s) and/group(s)” means and whether this condition was fulfilled by Specht’s conduct. Neither party to the dispute contends that the provision is ambiguous; they merely advance conflicting interpretations of the phrase. Though the parties did not urge ambiguity, I acknowledge the court’s plenary authority to decide this issue as a matter of law. The majority opinion clearly describes these competing arguments and ultimately concludes that the provision at issue is ambiguous as a matter of law, and that the question must be submitted to a jury. I respectfully disagree with this holding. Essentially, Maximus would require the employee to secure approval from any even tangentially related division or group before pursing any project, guessing as to what might in hindsight be an affected group. On the other hand, Specht argued to the district court that his behavior conformed with a reasonable interpretation — that by notifying the key groups that appeared most likely to be centrally involved in the project at the initial stages of pursuing the opportunity, he secured the approval of the “appropriate division(s) and/or groups” as required by the contract. I agree with the district court’s summary judgment determination that the contract is not ambiguous, that there are no disputed material facts at issue, and that Specht’s offered interpretation presents “the true intentions of the parties as expressed in the instrument,” R & P Enterprises v. LaGuarta, Gavrel & Kirk, Inc., 596 S.W.2d 517 (Tex.1980).
For the foregoing reasons, I respectfully concur in part and dissent in part.