NO. 07-10-00512-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JANUARY 26, 2012

_____

IN THE INTEREST OF S.C.S., A CHILD

_____

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2008-544,627; HONORABLE LESLIE HATCH, JUDGE

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Chad Smith, appeals an Order on De Novo Hearing in which the trial court sought to clarify a particular provision of the parties' agreed order in suit to modify parent-child relationship.[1] Concluding that the trial court erred, we will modify the Order on De Novo Hearing to strike the "Findings on Appeal from Associate Judge" portion of the Order. As modified, we will affirm the trial court's Order on De Novo Hearing.

---

[1] The modification order was the result of a Rule 11 agreement between Chad and his ex-wife, Jennifer Smith. Chad does not appeal the portion of the trial court's Order on De Novo Hearing that made the associate judge's temporary order final and affirmed the same as reformed. Chad's appellate issues relate solely to the district court's "Findings on Appeal from Associate Judge" portion of the Order addressing the trial court's interpretation of paragraph 10 of the Holidays section of the parties' Rule 11 agreement ("the vacation provision").

Background

On September 23, 2010, Jennifer Smith filed a Petition to Modify Parent-Child Relationship. On October 7, Chad Smith filed a counter-petition in the modification proceeding. On October 18, the parties entered into a Rule 11 Agreement regarding the pending petitions seeking modification. On November 4, Chad filed a Motion for Entry of Order and Clarification of Rule 11 Agreement that sought clarification of the vacation provision of the parties' Rule 11 Agreement, and entry of the parties' Rule 11 Agreement as an Order of Modification of Parent-Child Relationship. On November 18, the modification was presented to the associate judge. Associate Judge Stephen Johnson entered a "Temp. Order in Suit to Modify Parent-Child Relationship" that reflected the Rule 11 Agreement of the parties, but that altered the vacation provision by replacing the word "vacation" with the word "additional." Because he was dissatisfied with the Associate Judge's proposed order, Chad filed a motion for de novo review by the district court. After holding a hearing at which the trial court found the vacation provision of the parties' Rule 11 Agreement to be ambiguous as a matter of law, the trial court heard and considered parol evidence regarding what the parties intended the vacation provision to mean.

Following this hearing, the trial court entered an Order on De Novo Hearing that, in relevant part, found the vacation provision to be ambiguous as a matter of law. The trial court then found that it was the intent of the parties to allow a parent to designate nine days during the calendar year on which the designating parent will have a superior right to possession of the child, even though the non-designating parent would

2

otherwise be entitled to possession of the child, so long as the designating parent gives the other parent at least 21 days notice of the designation and the designation does not interfere with any other provision of the Holidays section of the Rule 11 Agreement. The trial court also specifically stated that "[t]he nine (9) designated days are irrespective of whether such parent will be taking time off from work or whether the child will be in school on the designated days." In addition, the trial court reinstated the original vacation language used by the parties in their Rule 11 Agreement, and affirmed the Associate Judge's Order as modified.

After requesting and receiving findings of fact and conclusions of law from the trial court, Chad appealed the trial court's Order on De Novo Hearing. By his first issue, Chad contends that the trial court erred in failing to file additional findings of fact and conclusions of law when such additional findings and conclusions were properly and timely requested. By his second issue, Chad contends that the trial court erred in finding that the term "vacation" is ambiguous as a matter of law. Finally, by his third issue, Chad argues, in the alternative, that if this Court determines that the term "vacation" is ambiguous, the trial court erred in its interpretation of the parties' intent by use of the term. Jennifer did not file a brief in response.

Issue One – Additional Findings of Fact and Conclusions of Law

By his first issue, Chad contends that the trial court erred in failing to file additional findings of fact and conclusions of law when Chad made a proper and timely request for such additional findings and conclusions. Chad contends that the findings of fact and conclusions of law that were entered by the trial court were not sufficiently

3

specific to allow Chad to focus his challenge to the trial court's interpretation of the Rule 11 Agreement on appeal.

Initially, we do not agree with Chad that his request for additional findings and conclusions was properly presented. When a party requests additional findings and conclusions, "[a] bare request is not sufficient; proposed findings must be submitted." Alvarez v. Espinoza, 844 S.W.2d 238, 241-42 (Tex.App.—San Antonio 1992, writ dism'd w.o.j.). Chad's request for additional findings and conclusions requested clarification of 29 separate issues. None of these requests were submitted as proposed findings or conclusions. Rather, these requests sought to force the trial court to identify the specific thought processes it employed in reaching its interpretation of the Rule 11 Agreement. As such, we conclude that Chad's request for additional findings of fact and conclusions of law was not presented to the trial court in the proper form.

Additionally, while Chad contends that the failure of the trial court to file additional findings of fact and conclusions of law prevents him from being able to focus his arguments on appeal, he has failed to show this Court how the absence of these additional findings and conclusions have caused him harm. The burden is on the party requesting additional findings of fact and conclusions of law to show how the trial court's failure to make additional findings and conclusions prevents that party from adequately presenting its complaint on appeal. See Johnston v. McKinney Am., Inc., 9 S.W.3d 271, 277 (Tex.App.—Houston [14th Dist.] 1999, pet. denied). Chad fails to identify how the trial court's failure to make additional findings and conclusions prevents him from presenting his complaints on appeal. We conclude that the trial court's findings of fact

4

and conclusions of law are sufficiently specific to allow Chad to present his complaints by appeal, and this conclusion is bolstered by the 18 pages of arguments Chad makes against the merits of the trial court's rulings.

Because Chad's request for additional findings of fact and conclusions of law were not in the proper form and because he has failed to meet his burden to show how the trial court's failure to make additional findings and conclusions have caused him harm, we overrule Chad's first issue.

Issue Two – Ambiguity

By his second issue, Chad contends that the trial court erred in finding the term "vacation" ambiguous as a matter of law. However, a review of the Order on De Novo Hearing as well as the trial court's Finding of Fact number six establishes that the trial court did not find the term "vacation" ambiguous as a matter of law, but rather that it found the vacation provision in the parties' Rule 11 Agreement to be ambiguous as a matter of law.

Chad identifies several definitions of the term "vacation," such as a break from the parties' normal routine or a scheduled period during which activity is suspended. During the hearing, Jennifer essentially agreed that the term "vacation" meant a freedom or release from duty. Rather than a disagreement over what the term "vacation" means, the parties differed as to how the vacation provision was to be applied. We believe that it is in the application of the vacation provision that the trial court found the provision ambiguous.

5

In construing a written contract, the court's primary concern is to ascertain the parties' true intentions as expressed in the instrument. Forbau v. Aetna Life Ins. Co., 876 S.W.2d 132, 133 (Tex. 1994); Coker v. Coker, 650 S.W.2d 391, 393 (Tex. 1983). To achieve this objective, courts should examine and consider the entire writing in an effort to harmonize and give effect to all the provisions of the contract so that none will be rendered meaningless. Coker, 650 S.W.2d at 393. No single provision taken alone will be given controlling effect; rather, all the provisions must be considered with reference to the whole instrument. Id. We presume that the parties to a contract intend every clause to have some effect. Ogden v. Dickinson State Bank, 662 S.W.2d 330, 332 (Tex. 1983).

Whether a contract is ambiguous is a question of law, which we decide de novo. Heritage Res., Inc. v. Nationsbank, 939 S.W.2d 118, 121 (Tex. 1996); R & P Enters. v. LaGuarta, Gavrel & Kirk, Inc., 596 S.W.2d 517, 518 (Tex. 1980). A contract is ambiguous when its meaning is uncertain and doubtful or is reasonably susceptible to more than one interpretation. Heritage Res., 939 S.W.2d at 121; Coker, 650 S.W.2d at 393.

The terms of the vacation provision from the parties' Rule 11 Agreement are as follows:

> 10. Vacation – Either parent may designate 9 days of vacation time each year, provided that parent gives 21 days notice to the other parent, not to interfere with Christmas, Thanksgiving, Spring Break, Mother's Day, Father's Day or the child's birthday.

Looking solely at the vacation provision of the Rule 11 Agreement and accepting the parties' definition of "vacation" as a release from duty, there are three reasonable interpretations as to whom the provision requires to be on vacation: (1) the designating parent, (2) the child, or (3) both the designating parent and the child. Chad contends that the proper application of the provision is that the designating parent must take the day off of work <u>and</u> that the child must not attend school. Jennifer contended that and the trial court applied the provision in a manner in which neither the designating parent nor the child need be on vacation.

While the vacation provision appears to create an ambiguity regarding the application of the provision, we are required to examine the entire writing in an effort to harmonize and give effect to all the provisions of the contract consistent with the intent of the parties as expressed in the contract. See <u>Forbau</u>, 876 S.W.2d at 133; <u>Coker</u>, 650 S.W.2d at 393. The vacation provision is contained within the "Holidays" section of the parties' Rule 11 Agreement. Looking at the other provisions contained within the Holidays section of the Rule 11 Agreement clarifies the parties' intent as expressed in the Agreement. The first six provisions within the Holiday section address the parents' rights of possession of the child during Spring Break, Christmas Holidays, and Thanksgiving. Notably, all six of these provisions are defined to begin "at 6:00 p.m. on the day the child is dismissed from school" and end "at 6:00 p.m. on the day before school resumes." Further, both the Spring Break provisions and the Christmas Holidays provisions specifically use the term "vacation" to describe these periods during which the child is relieved of the duty of attending school. Also contained within the Holidays section of the Rule 11 Agreement are provisions addressing possession of the child

7

over Father's and Mother's Day weekends. While these provisions are not defined by the child's vacation from school, the periods covered by these provisions are wholly contained within weekend periods during which the child would not be required to attend school. The only other "Holidays" section provision addresses the child's birthday. This provision gives possession of the child from 3:00 p.m. to 8:00 p.m. to the parent that would not otherwise have possession of the child on that day. Notably, these hours of possession would also not conflict with times that the child would be required to attend school.[2] Thus, the placement of the vacation provision within the parties' Rule 11 Agreement would certainly suggest that the vacation time that it was intended to refer to was the child's vacation from school.

Further, none of the other provisions contained within the Holidays section of the Rule 11 Agreement explicitly or implicitly require the parent granted the superior right of possession to take a vacation from work in order to exercise that right.

Thus, we conclude that, when the entire Agreement is considered and the provisions are harmonized, the only reasonable interpretation of how the parties intended the vacation provision to be applied is that the parents are allowed to designate nine days each year during which the designating parent will have the superior right of possession of the child, provided that the child will be on vacation from school during the designated period, the designating parent gives the other parent 21 days notice, and the designated period does not interfere with the specific Christmas

_____

[2] We note that the record reflects that the child's birthday is in June and, therefore, during summer vacation from school. However, we do not consider this fact in construing the intent of the parties regarding application of the vacation provision since the child's birthday is not identified in the four corners of the Rule 11 Agreement.

Holidays, Thanksgiving, Spring Break, Mother's Day Weekend, Father's Day Weekend, and Child's Birthday provisions of the Agreement.  Because this is the only reasonable interpretation of the Agreement, we conclude that the vacation provision is not ambiguous.[3]  See Heritage Res., 939 S.W.2d at 121; Coker, 650 S.W.2d at 393.  As such, we sustain Chad's second issue, vacate the trial court's "Findings on Appeal from Associate Judge" portion of the Order on De Novo Hearing, and affirm the remainder of the Order on De Novo Hearing.

## Conclusion

For the foregoing reasons, we modify the Order on De Novo Hearing by striking the "Findings on Appeal from Associate Judge" portion of the Order, and affirm the remainder of the Order on De Novo Hearing as modified.

Mackey K. Hancock
Justice

---

[3] Because we conclude that the vacation provision of the Rule 11 Agreement is not ambiguous, we need not address Chad's third issue, which is presented as an alternative argument conditioned upon this Court finding the vacation provision ambiguous.