# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
October 4, 2022

Lyle W. Cayce
Clerk

No. 22-40004

Lily F. Tercero,

*Plaintiff—Appellee*,

*versus*

Texas Southmost College District,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:16-CV-282

Before Clement, Duncan, and Wilson, *Circuit Judges*.
Per Curiam:*

Lily F. Tercero brought her procedural due process and breach of employment contract claims against Texas Southmost College District, prevailing at trial and on her first appeal. In this second appeal limited to the issues remanded to the district court, TSC requests we grant judgment

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

notwithstanding an adverse jury verdict. For the reasons below, we AFFIRM.

**I**

As laid out in the previous appeal:

> Appellant, Dr. Lily F. Tercero, was the president of Appellee, Texas Southmost College District, until the college's board voted to remove her from the position after a termination hearing. Tercero then filed this action in the district court. She brought, against TSC, a Fourteenth Amendment procedural due process claim under 42 U.S.C. § 1983 and Texas state law breach of contract claims, which alleged that TSC (1) owed her the balance of her salary and benefits remaining on her employment contract because it terminated her without good cause; and (2) violated her contractual right to certain processes, including the right to cross-examine adverse witnesses and present exculpatory evidence.

> The district court denied summary judgment on Tercero's breach of contract claims and her procedural due process claim based on the termination hearing itself. In doing so, the district court concluded that TSC was not entitled to governmental immunity on the breach of contract claims.

> A jury then found that TSC breached Tercero's employment contract and deprived her of procedural due process. It awarded her $674,878.66 in damages on her breach of contract claims and $12,500,000 in damages on her due process claim for "[d]iminished earning capacity, lost career and business opportunities, loss of reputation, humiliation, embarrassment, inconvenience, and mental and emotional anguish and distress." After trial, the district court awarded Tercero $117,685.67 in attorneys' fees from TSC in connection with these claims.

No. 22-40004

Post-judgment, TSC filed (1) a motion to dismiss Tercero's breach of contract claims—arguing that TSC is entitled to governmental immunity on the claims—and, alternatively, a renewed motion for judgment as a matter of law on the breach of contract claims; (2) a renewed motion for judgment as a matter of law on Tercero's procedural due process claim and the damages awarded on the claim; and (3) a motion for a new trial or remittitur on the damages awarded on the due process claim.

The district court dismissed Tercero's breach of contract claims for lack of jurisdiction, concluding that TSC was entitled to Eleventh Amendment immunity on these claims. It also granted the renewed motion for judgment as a matter of law on the due process damages award only, holding that Tercero was entitled to nominal damages because, although sufficient evidence supported the jury's finding of a due process violation, there was an absence of sufficient evidence showing that Tercero's injuries were caused by the due process deprivation. Finally, the court conditionally granted a new trial or remittitur and vacated its prior award of attorneys' fees. Tercero timely appealed contesting the district court's post-judgment rulings.

*Tercero v. Tex. Southmost Coll. Dist.,* 989 F.3d 291, 295–96 (5th Cir. 2021).

In our first opinion, we held that TSC, a junior college district under Texas law, did not have immunity from suit in federal court. *Id.* at 297–98. We, consequently, reversed the district court's dismissal of Tercero's breach of employment contract claim and reinstated the jury's verdict. *Id.* at 299. We further remanded the case to the district court so it could consider TSC's insufficiency of the evidence arguments raised in its renewed motion for judgment as a matter of law and handle the matter of attorneys' fees. *Id.* at 299–301.

No. 22-40004

On remand, the district court requested and received supplemental briefing. It found that TSC failed to proffer conclusive evidence warranting a judgment notwithstanding the verdict pursuant to Federal Rules of Civil Procedure 50. Judge Rodriguez summed up TSC's arguments, stating:

> In essence, [TSC] selectively quotes Tercero's testimony and then urges the [c]ourt to adopt one possible interpretation that does not support the jury's decision. Such an approach is diametrically opposed to the standard that actually governs. And [TSC] repeats this error with each ground that the jury considered when determining if [TSC] had good cause to terminate Tercero under the Employment Agreement.

The district court denied TSC's motion for judgment as a matter of law and entered a final judgment on the verdict, including attorneys' fees, in Tercero's favor. Later, the district court amended its judgment to include pre-judgment interest. TSC timely filed a notice of appeal.

## II

TSC challenges the factual basis for the jury's verdict on Tercero's breach of contract claim and the legal basis for her due process cause of action. We reject both challenges.

We review a district court's denial of a motion for judgment as a matter of law de novo, applying the same standards as the district court. *See, e.g.*, *Ill. Cent. R.R. Co. v. Guy*, 682 F.3d 381, 392–93 (5th Cir. 2012). Judgment as a matter of law is appropriate only when "a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." *Abraham v. Alpha Chi Omega*, 708 F.3d 614, 620 (5th Cir. 2013) (quoting FED. R. CIV. P. 50(A)). "This will only occur if the facts and inferences point so strongly and overwhelmingly in the movant's favor that jurors could not reasonably have reached a contrary verdict." *Id.* (quoting *Brown v. Sudduth*, 675 F.3d 472, 477 (5th Cir. 2012)). "In evaluating such a motion,

No. 22-40004

the court must consider all of the evidence in the light most favorable to the nonmovant, drawing all factual inferences in favor of the non-moving party, and leaving credibility determinations, the weighing of evidence, and the drawing of legitimate inferences from the facts to the jury." *Price v. Marathon Cheese Corp.*, 119 F.3d 330, 333 (5th Cir. 1997). "After a jury trial, [the] standard of review is especially deferential." *Abraham*, 708 F.3d at 620 (citation omitted, alteration in original). Also, we "must disregard all evidence favorable to the moving party that the jury is not required to believe." *Taylor-Travis v. Jackson State Univ.*, 984 F.3d 1107, 1112 (5th Cir. 2021) (citation and quotation marks omitted).

**A**

TSC argues that it had "good cause" to terminate Tercero's employment contract. First, it contends that "Dr. Tercero did not timely keep [TSC's] Board informed of the status of the . . . nursing program." Second, TSC argues "that Dr. Tercero did not lawfully procure the College's [windstorm insurance] policy." We find the jury's decisions on both contentions adequately supported by the record.

**1**

The district court instructed the jury regarding "good cause":

. . . the only grounds for good cause that you may

consider are:

Refusal to carry out reasonable directives of the employee's supervisor;

Deliberate or reckless action that causes either actual or potential loss, damage, or physical injury to the District, its employees, students, or students' property; or

Misrepresentation, including falsification of reports or records.

> You are further instructed that you may only consider the factual allegations specified in grounds one through nine of the August 3, 2016 Notice letter.
>
> You are further instructed that a person is reckless when she acts or fails to act in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known.

TSC does not challenge these instructions. Instead, it argues Tercero admitted at trial to the conduct TSC's Board cited as "good cause" when it terminated her. Specifically, it cites her failure to inform the board about the impending suspension of TSC's nursing program by the Texas State Nursing Association. Because TSC does not allege misrepresentation or that Tercero refused to carry out a reasonable directive from her supervisor, the college must demonstrate conclusively that TSC suffered an actual or potential loss due to Tercero's deliberate or reckless conduct.

However, contrary to TSC's position, the jury was entitled to accept Tercero's explanation that she kept the Board up to date and that the nursing program's status was an evolving situation. Tercero testified extensively about this issue and her actions to address it. In 2013, the University of Texas-Brownsville transferred several technical programs, including its nursing school, to TSC. Consequently, TSC's student performance numbers reflected the influence of students never trained by its nursing school. Tercero further justified her actions by informing the jury that the first TSC students took their nursing exams in the fall of 2014, and that she was negotiating with the Texas Nursing Association to modify TSC's statistics. Most dispositive regarding TSC's argument on appeal, Tercero testified that she gave the board regular updates starting in 2012 and continuing through 2016. She even organized a special, half-day board meeting about the ongoing struggles of TSC's nursing school.

No. 22-40004

The Texas State Nursing Association ultimately suspended TSC's nursing program in April 2016, and Tercero informed the Board of the program's suspension in June of that year. The jury had ample evidence to conclude that Tercero kept the Board informed of the nursing program's status throughout its suspension process and that, regardless, her actions were not deliberate nor reckless and did not lead to a potential or an actual loss. The district court was, therefore, correct to deny the motion for judgment as a matter of law to the extent TSC premised it on Tercero's communication with the Board regarding the nursing school's suspension.

**2**

TSC's second argument that it had "good cause" to terminate Tercero involves her purchase of the school's windstorm insurance policy in the spring of 2016. It contends that Tercero acted deliberately or recklessly in renewing the school's wind insurance policy without going through the appropriate bidding process, violating TSC's policies and, potentially, state law. However, the jury had sufficient evidence to justify its decision that Tercero's actions were not deliberate or reckless acts that caused potential or actual harm.

The record shows that in January 2016, the staff member responsible for TSC's wind insurance program left his position. Tercero testified that she did not learn about the potential lapse of TSC's wind insurance until March 23, 2016—a little more than a week before the insurance would lapse on April 1. She informed the jury that there was no time to conduct the formal bidding process for a new policy and that she decided to renew the expiring policy because hurricane season was fast approaching. Indeed, one TSC board member said of Tercero's conduct: "I commended her for being bold enough to—to continue the coverage. . . . What—what's important is, you know, that we not go into the hurricane season without coverage."

Looking at this evidence, the jury reasonably concluded that Tercero did not act recklessly or deliberately, nor did she cause TSC harm or potential harm. Although issues regarding the wind insurance program eventually embroiled TSC in a lawsuit, the jury reasonably concluded she chose the correct, or at least a sensible, option from a set of bad outcomes. Consequently, we reject TSC's challenge to the jury verdict regarding Tercero's conduct in procuring the school's wind insurance. Furthermore, because both of TSC's arguments fail to demonstrate conclusively that the jury erred in finding the college liable for breach of contract, we affirm the district court's order denying the motion for judgment as a matter of law regarding Tercero's breach of contract claim.

## B

TSC challenges the legal basis for the jury's verdict finding it violated Tercero's due process rights. Specifically, TSC argues that Tercero's contract did not incorporate its standard personnel procedures and, therefore, it cannot be held liable for not applying those procedures. The district court found that the Board, in its notification letter, believed it was subject to the college's personnel procedures when terminating Tercero. Judge Rodriguez also noted that if the Board desired to follow only specific provisions of its employment procedures regarding the school's president, it should have made that clear in the contract. The college challenges this finding, arguing that the agreement's language does not provide her the right to any of TSC's termination procedures, and Tercero's due process claim necessarily fails as a matter of law.

As the Texas Supreme Court has directed regarding contractual interpretation:

> In construing [an] agreement, we first determine whether it is possible to enforce the contract as written, without resort to

> parol evidence. Deciding whether a contract is ambiguous is a question of law for the court. *Coker v. Coker*, 650 S.W.2d 391, 394 (Tex. 1983). In construing a written contract, the primary concern of the court is to ascertain the true intentions of the parties as expressed in the instrument. *R & P Enters. v. LaGuarta, Gavrel & Kirk, Inc.*, 596 S.W.2d 517, 518 (Tex. 1980); *City of Pinehurst v. Spooner Addition Water Co.*, 432 S.W.2d 515, 518 (Tex. 1968). To achieve this objective, we must examine and consider the entire writing in an effort to harmonize and give effect to all the provisions of the contract so that none will be rendered meaningless. *Universal C.I.T. Credit Corp. v. Daniel*, 243 S.W.2d 154, 158 (Tex. 1951). No single provision taken alone will be given controlling effect; rather, all the provisions must be considered with reference to the whole instrument. *Myers v. Gulf Coast Minerals Mgmt. Corp.*, 361 S.W.2d 193, 196 (Tex. 1962); *Citizens Nat'l Bank v. Tex. & P. Ry. Co.*, 150 S.W.2d 1003, 1006 (Tex. 1941). A contract is unambiguous if it can be given a definite or certain legal meaning. *Columbia Gas Transmission Corp. v. New Ulm Gas, Ltd.*, 940 S.W.2d 587, 589 (Tex. 1996).

*J.M. Davidson, Inc. v. Webster*, 128 S.W.3d 223, 229 (Tex. 2003) (cleaned up).

Tercero's contract states, in the relevant part, "TSC hereby employs Dr. Tercero . . . to perform the functions and duties specified in the TSC enabling statute and in accordance with TSC's personnel procedures . . . . Dr. Tercero is bound by the rules and procedures enacted by the Board . . . ." TSC would like us to read this language as applying only to Tercero's actions and hold that these provisions do not bind the college. However, we hold the language is unambiguous—TSC hired Tercero subject to its personnel procedures. The Board believed this to be the case, citing the school's personnel procedures when it issued its "Notice of Proposed Action of Dismissal" letter. We, therefore, hold that, as a matter of law, the district court did not err by presenting Tercero's due process claims to the jury.

No. 22-40004

## C

TSC's final challenges relate to the district court granting attorneys' fees and interest. Its arguments are predicated on our deciding the college's substantial challenges to the district court order in its favor. Because we decline to do so, we uphold the district court's grant of attorneys' fees and interest.

\*        \*        \*

AFFIRMED