# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-12-00548-CV

**Beau Hale and Marhaw Partners, LLC, Appellants**

**v.**

**Bank of America, Successor by merger to BAC Home Loans Servicing, LP, Appellee**

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 250TH JUDICIAL DISTRICT**
**NO. D-1-GN-11-003098, HONORABLE STEPHEN YELENOSKY, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

Appellants Beau Hale and Marhaw Partners, LLC (collectively "Hale"), appeal from summary judgment granted in favor of appellee Bank of America (BOA) on Hale's suit for breach of contract arising from a foreclosure sale of real property. We will affirm the district court's judgment.

## Background

On July 6, 2010, Hale was the successful bidder on real property offered for sale at a foreclosure auction. At the conclusion of the auction, Hale paid the trustee for the sale the bid price of $404,500 and signed a document drafted by the trustee for the sale that was titled "BUYER'S RECEIPT FOR FUNDS AND ACKNOWLEDGMENT AND SUBSTITUTED IRS FORM 8300."[1] The document, stated generally, memorialized Hale's payment of $404,500 to

---

[1] IRS Form 8300 is titled "Report of Cash Payments Over $10,000 Received in a Trade or Business."

purchase the auctioned property and obligated the trustee to prepare and record a deed, subject to certain conditions that will be discussed in more detail below, including one regarding the death of the debtor. The day after the foreclosure sale, the debtor's executor notified BOA that the debtor had died in 2008 and that the debtor's estate had been in probate since early 2009. Immediately thereafter, BOA notified Hale that the debtor was dead and that, as a result, the trustee would not be conveying title to Hale. BOA also returned the full sale price to Hale. Hale responded by "reject[ing] the tender of rescission" and demanding that the trustee deliver the deed to the property.

When BOA did not deliver the deed as requested, Hale filed suit against BOA for breach of contract.[2] BOA, in turn, filed a counterclaim for recovery of attorney's fees. Both parties then filed motions for summary judgment: Hale sought partial summary judgment on the liability portion of its breach-of-contract claim, and BOA sought final judgment on Hale's entire claim and on BOA's claim for attorney's fees, urging both traditional and no-evidence grounds. Hale then specially excepted to BOA's motion for summary judgment, arguing that the motion failed to give fair notice of the grounds relied on for the traditional summary judgment and to specifically identify the elements for which BOA claimed Hale could produce no evidence. The district court originally denied both parties' motions, but reconsidered on the eve of jury trial. Ultimately, the district court issued a new order overruling Hale's special exceptions, denying Hale's motion for partial summary judgment, denying BOA's motion for summary judgment on its claim for attorney's fees, and granting BOA's motion for summary judgment as to Hale's claim. It is from this final judgment that Hale now appeals.

---

[2] Hale originally filed its suit in Travis County Probate Court against BOA, the debtor's estate, and the trustee, seeking specific performance or, alternatively, monetary damages. Ultimately, however, the parties agreed to transfer the matter to Travis County District Court.

**Analysis**

Hale challenges the district court's judgment in four issues, each with multiple sub-issues, claiming that the district court erred by (1) denying Hale's special exceptions to BOA's no-evidence motion for summary judgment; (2) granting BOA's no-evidence motion for summary judgment; (3) granting BOA's traditional motion for summary judgment; and (4) failing to grant Hale's motion for partial summary judgment. Although we would normally address Hale's challenges to BOA's no-evidence motion for summary judgment first, *see Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004), we need only address Hale's challenge to BOA's traditional motion because its resolution is dispositive of the entire appeal.

**BOA's motion for traditional summary judgment**

We review the district court's summary-judgment ruling de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). To prevail on a traditional motion for summary judgment, a defendant must conclusively negate at least one essential element of each of the plaintiff's causes of action or conclusively establish each element of an affirmative defense. Tex. R. Civ. P. 166a(c); *Long Distance Int'l, Inc. v. Telefonos de Mexico, S.A. de C.V.*, 49 S.W.3d 347, 350–51 (Tex. 2001); *Science Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex. 1997). When, as here, the district court's order granting summary judgment does not specify the ground or grounds relied on for the ruling, we may affirm the summary judgment if any of the grounds advanced by the movant are meritorious. *See Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013); *State Farm Fire & Cas. Co. v. S.S. & G.W.*, 858 S.W.2d 374, 380 (Tex. 1993). In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the nonmovant will be taken as true and every reasonable inference must be indulged in favor of the non-movant

3

and any doubts resolved in the non-movant's favor. *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex. 1985); *see* Tex. R. Civ. P. 166a(c).

To the extent that resolution of this issue turns on interpretation of the contract at issue here, we are guided by well-established principles of contract construction. The primary concern of the court is to ascertain the true intentions of the parties as expressed in the instrument. *R & P Enters. v. LaGuarta, Gavrel & Kirk, Inc.*, 596 S.W.2d 517, 518 (Tex. 1980); *City of Pinehurst v. Spooner Addition Water Co.*, 432 S.W.2d 515, 518 (Tex. 1968). To achieve this objective, courts should examine and consider the entire writing in an effort to harmonize and give effect to all the provisions of the contract so that none will be rendered meaningless. *Universal C.I.T. Credit Corp. v. Daniel*, 243 S.W.2d 154, 158 (Tex. 1951). No single provision taken alone will be given controlling effect; rather, all the provisions must be considered with reference to the whole instrument. *Myers v. Gulf Coast Minerals Mgmt. Corp.*, 361 S.W.2d 193, 196 (Tex. 1962); *Citizens Nat'l Bank v. Texas & P. Ry. Co.*, 150 S.W.2d 1003, 1006 (Tex. 1941). If the written instrument is worded so that it can be given a certain or definite legal meaning or interpretation, it is not ambiguous and the court will construe the contract as a matter of law. *R & P Enters.*, 596 S.W.2d at 519; *Universal C.I.T. Credit Corp.*, 243 S.W.2d at 157. Whether a contract is ambiguous is a question of law for the court to decide by looking at the contract as a whole in light of the circumstances present when the contract was entered. *R & P Enters.*, 596 S.W.2d at 518.

The contract at issue here is, by its plain terms, a sale agreement regarding certain real property. The following provision, also by its plain terms, makes the sale subject to certain conditions:

BUYER'S SIGNATURE BELOW ACKNOWLEDGES THAT BUYER PURCHASES THIS PROPERTY AT BUYER'S RISK AND FURTHER ACKNOWLEDGES THAT THE SALE IS SUBJECT TO THE REASONABLE CONDITION ANNOUNCED BY THE SUBSTITUTE TRUSTEE BEFORE BIDDING WAS OPENED FOR THE FIRST DAY OF SALE, SAID CONDITIONS BEING AS FOLLOWS:

1. Any statutory or court ordered restraint of the sale arising out of bankruptcy, pending litigation, receivership, or other legal proceedings involving any person who claims a legal or equitable interest in the property.

2. The death or initiation of a probate proceeding of Debtor(s), or any person who claims a legal or equitable interest in the property.

3. Reinstatement or payoff of the loan secured by the property or any other presale arrangement to satisfy the default.

4. Any matter which may affect the validity of any element of the foreclosure process or foreclosure sale or act as a defense or bar to the foreclosure process.

5. In the event of an overpayment of the bid price, all refunds will be made by the Mortgagees or the above law firm. The Substitute Trustee is not responsible for any refunds.

6. In the event of a defect or other problem with the foreclosure sale is discovered, the purchase price paid by the Buyer will be returned to the Buyer within a reasonable time after verification of the pertinent facts, and the return of the funds shall be the Buyer's sole and absolute remedy.

7. A Substitute Trustee's Deed will be prepared and recorded by the above law firm after the funds tendered have been paid by the issuing bank, usually within 8 business days of the sale. A copy of the deed is NOT available prior to the time that your cashier's check(s) have been paid. Refunds will not be processed until verification with the bank that the funds have been paid.

Provisions 1 through 4 are conditions precedent—i.e., events that must exist, happen, or be performed before a right can accrue to enforce an obligation. *See Centex Corp. v. Dalton*, 840 S.W.2d 952, 956 (Tex. 1992) (citing *Hohenberg Bros. Co. v. George E. Gibbons & Co.*, 537 S.W.2d 1, 3 (Tex. 1976)); Arthur L. Corbin, *Conditions in the Law of Contract*, 742–43

5

28 Yale L.J. 1919 ("In contract law, the word *'condition' means some operative fact subsequent to acceptance and prior to discharge*, a fact upon which the rights and duties of the parties depend."). Provisions 5 through 7, on the other hand, appear to simply be terms of the contract despite their inclusion with the conditions.

A condition precedent may be either a condition to the formation of a contract or a condition to an obligation to perform an existing agreement. *Hohenberg Bros. Co.*, 537 S.W.2d at 3. Considering the contract as a whole, it is clear that provisions 1 through 4 are conditions to an obligation to perform an existing agreement because they relate to the actual sale and not to the agreement itself: "THE SALE IS SUBJECT TO . . . SAID CONDITIONS . . . AS FOLLOWS." *See Sharifi v. Steen Auto., LLC*, 370 S.W.3d 126, 144–45 (Tex. App.—Dallas 2012, no pet.) (determining that condition was obligation to peform existing agreement because sale was made conditional, not the agreement). Here, the conditions are negative in nature, meaning they must not exist or occur—i.e., the situations listed in provisions 1 through 4 must not exist or occur in order for there to be a right to immediate performance or for there to be a breach of a contractual duty. *See Hohenberg Bros. Co.*, 537 S.W.2d at 3 ("Conditions precedent to an obligation to perform are those acts or events, which occur subsequently to the making of a contract, that must occur before there is a right to immediate performance and before there is a breach of contractual duty."); *Sharifi*, 370 S.W.3d at 144. Stated another way, Hale and BOA agreed that Hale would pay $404,500 to buy the property and that BOA would transfer title to the property in exchange, but the actual sale itself—i.e., the transfer of title to the buyer—was conditioned on, among other events, the debtor being alive. *See Hohenberg Bros. Co.*, 537 S.W.2d at 3 (noting that conditions precedent may relate to either the formation of contracts or to the liability under them).

Here, the parties agree that the debtor was dead. This triggered the provision in the sale agreement regarding the debtor's death, meaning that there was no right to performance under the agreement—i.e., Hale had no right to have the titled transferred to him. *See id.* Thus, BOA had no obligation to transfer title and its failure to do so did not breach the agreement. Further, because there is no dispute that BOA immediately returned Hale's payment as required by the terms of the agreement, BOA did not breach that provision either. In sum, the undisputed facts conclusively negate that there was a breach of the agreement at issue here. Accordingly, BOA was entitled to summary judgment as a matter of law. *See id.*

Hale argues that BOA's failure to specifically deny that some or all conditions precedent had been met precludes BOA from complaining about any such conditions on appeal. Although Hale is correct that a plaintiff who pleads that all conditions precedent have been met is not required to prove those conditions have been met unless the defendant specifically denies them, *see* Tex. R. Civ. P. 54, we disagree that BOA failed to specifically deny the conditions precedent. BOA's motion for summary judgment stated more than once that the sale was subject to conditions. For example, the motion stated that the trustee "expressly stated the Property was being sold subject to the death of the debtor or initiation of a probate proceeding of" the debtor. It also asserted that the agreement "expressly stated that the sale was: (1) subject to rescission in the event the Debtor was deceased . . . ." *See id.*; *Sharifi*, 370 S.W.3d at 145 (noting that specific denial in a response to summary-judgment motion would satisfy rule 54); *cf. Squyres v. Segura*, No. 02-05-00157-CV, 2006 WL 20380, at *2 (Tex. App.—Fort Worth Jan. 5, 2006, no pet.) (noting defendant's failure to specify unmet conditions precedent in answer or counterclaim). Although the contract does not refer

7

to "rescission," as BOA urged in its motion, BOA did clearly assert that a condition had not been met and that, as a result, BOA was entitled to judgment as a matter of law.

Hale also argues that when the phrase "subject to" is used in the context of a sale of real property, it is "merely a means of providing notice of outstanding interests that may affect a grantee's title." *See Naumann v. Lee*, No. 03-11-00066-CV, 2012 WL 1149290, at *3 (Tex. App.—Austin Apr. 5, 2012, pet. denied); *Texas Indep. Exploration Ltd. v. Peoples Energy Prod.-Tex., L.P.*, No. 04-07-00778-CV, 2009 WL 2767037, at *5 (Tex. App.—San Antonio Aug. 31, 2009, no pet.). But in both of the cases cited by Hale in support of its position here, the phrase was used in direct reference to other agreements, assignment, or rights such that it was clear that its purpose was to give notice that the *interest* being conveyed was subject to other existing interests in the property. *See Naumann*, 2012 WL *4 (easement); *Texas Independent*, 2009 WL at *5 (other agreement). Here, as discussed above, the phrase "subject to" modifies "the sale," not the interest being conveyed, and makes that sale subject to certain specified conditions: "THE SALE IS SUBJECT TO . . . CONDITIONS." As such, Hale's argument is without merit.

BOA's motion for traditional summary judgment asserted that it was entitled to judgment as a matter of law because a certain agreed-upon condition of the contract was not met and because the purchase price under the contract had been refunded in full. Although its motion uses imprecise language regarding rescission and the remedies available under the contract, the bottom line for purposes of our review is that BOA proved that there are no issues of material fact regarding the terms of the contract, that the debtor was dead, and that Hale received the return of its purchase price in full. As such, BOA conclusively negated the breach and damages elements of Hale's contract claim. *See Scott v. Sebree*, 986 S.W.2d 364, 372–73 (Tex. App.—Austin 1999, pet. denied)

(listing existence of contract, performance by plaintiff, breach by defendant, or damages to plaintiff as essential elements of claim for breach of contract); *see also Fieldtech Avionics & Instruments, Inc. v. Component Control.Com, Inc.*, 262 S.W.3d 813, 824 (Tex. App.—Fort Worth 2008, no pet.) (listing same elements). Accordingly, BOA was entitled to summary judgment as a matter of law. We overrule Hale's third issue.

Because we have determined that BOA was entitled to judgment as a matter of law on its motion for traditional summary judgment, we need not address Hale's remaining issues.

## Conclusion

We affirm the district court's judgment.

_____
Jeff Rose, Justice

Before Justices Puryear, Rose, and Goodwin

Affirmed

Filed: August 29, 2014

9